8467

FITZGERALD v. J. I. CASE THRESHING MACHINE CO.

WAIVER—SERVICE OF SUMMONS—JURISDICTION.—Where a party serves notice of motion to set aside service of summons and afterwards withdraws it, and moves for leave to answer after default, his appearance in the latter motion is general and he thereby waives his right to move to set aside the service of the summons.

Before PRINCE, J., Charleston, October, 1912.    Affirmed.

Action by Kate Fitzgerald, administratrix of John Fitzgerald, against J. I. Case Threshing Machine Company. Defendant appeals.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood* and *W. A. Holman,* for appellant. *Mr. Holman* cites: *Party served was not engaged in service of appellant when served:* 61 S. C. 361; 83 S. C. 224; Code 1902, 847; 25 S. E. 947. *Motion for leave to answer did not give Court jurisdiction*

*of defendant:* 61 S. C. 512; 73 S. C. 292; 69 S. C. 278; 62 S. C. 533.

*Messrs. Logan & Grace,* contra, cite: *Where party makes a general appearance, he waives the right to contest the service:* 46 S. C. 9; 61 S. C. 520; 69 S. C. 278; 73 S. C. 296; 78 S. C. 507; 3 Cyc. 507.

March 17, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an appeal from an order of his Honor, Judge Prince, refusing a motion to set aside the service of the summons, in an action by the plaintiff against the defendant, for damages sustained by her, on account of the death of her husband, alleged to have been caused by a collision with an automobile under the control of defendant's agents, at Charleston, S. C., on the ground that R. D. Reid, upon whom the summons was served, was not, at the time of the service, within the State, as the agent of the defendant; but, on the contrary, was in attendance upon the Court of General Sessions for the county of Charleston, under and by virtue of a recognizance, requiring him to appear before said Court, to answer to a bill of indictment, to be preferred against him for murder.

The facts are thus stated in the order of his Honor, Judge Prince:

"This matter comes before me on a motion to set aside service of the summons on the defendant, J. I. Case Threshing Machine Company. It appears from the record, that the summons was served on the 5th day of June, 1912; that after the service of the summons and complaint, a notice was served on plaintiff's attorneys by the attorneys for the defendant, that a motion would be made before the Honorable R. Withers Memminger, Judge of the Ninth Circuit, on the 26th day of June, 1912, for an order setting aside the service of the summons on the defendant, on the ground

that the person upon whom the summons and the complaint were served, was not, at that time, the agent or representative of the defendant company.

"That thereafter defendant's counsel requested, that said papers giving notice of said motion, be returned to them; and that this was done.

"That thereafter a notice dated June 22, 1912, was served upon plaintiff's attorneys by defendant's attorneys, giving notice that on the 26th of June, 1912, the defendant company would file in the office of the clerk of Court of Common Pleas for Charleston county, a petition and bond for the removal of said case, into the United States District Court of South Carolina.

"That thereafter said petition and bond were filed in the office of the clerk of Court of Common Pleas for Charleston county, for removal of said cause into the United States District Court, but that said petition and bond were filed, beyond the time allowed by law for said purpose.

"That thereafter plaintiff's attorneys, had said case placed on the default docket, more than twenty days having elapsed, since the service of said summons and complaint, and no answer or demurrer having been filed.

"That thereafter, on the 29th day of June, 1912, counsel for defendant served upon plaintiff's attorneys a notice, that on the 18th day of July, 1912, they would move before his Honor, Judge R. Withers Memminger, at his chambers at Charleston, for an order relieving the defendant of default in this case, and for an order allowing the defendant to answer, demur, or plead, or make such motion in said cause as may be advised by its counsel.

"That thereafter his Honor, Judge Memminger, filed an order allowing said defendant to answer upon terms.

"That thereafter, on the 29th day of August, 1912, defendant's attorneys served upon attorneys for plaintiff, a notice of appeal from said order of Judge Memminger.

"That thereafter, on the 21st day of September, 1912, defendant's attorneys served on plaintiff's attorneys a notice, that on the 7th day of October, 1912, they would move before his Honor, Judge George E. Prince, presiding Judge, for an order to vacate and set aside the service of the summons in this case.

"That thereafter, on the 19th day of October, 1912, said motion was heard, and it appears to the Court from the whole record, and more particularly from the service of the notice of June 29, 1912, asking for relief from Judge Memminger to answer, demur, etc., that there has been a general appearance of said defendant, and it has waived its rights to have the service of said summons set aside.

"Wherefore, it is ordered, that the motion to set aside the service of said summons be, and the same is hereby, denied."

The appellant had his choice of two remedies: one was, to make a motion to set aside the service of the summons, on the ground that it was illegal, and that the Court, therefore, had not acquired jurisdiction of the defendant; the other was, to make a motion under section 225 of the Code (1912) which provides: "The Court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code of Procedure."

"A motion to vacate or open a default or judgment thereon, because irregular or void, stands on a different footing from a proceeding for relief because of mistake, in the defaulting party; and, a case of excusable neglect, need not be shown, to authorize the Court to grant the order, nor is an affidavit of merits or a good defense required." 6 Enc. of Pl. & Pr. 176.

In reviewing the foregoing and other authorities, the Court used the following language, in the case of *Life Ins. Co.* v. *Mobley,* 90 S. C., 552: "These authorities show, that a motion to be relieved from a judgment, taken against a party through his mistake, etc., stands upon an entirely dif-

ferent footing, from a motion to set aside a judgment, on the ground that the summons was not served on the defendant, so as to make him a party to the action.

"The first of these motions is based upon the conduct of the party making the motion, and is addressed to the discretion of the Court, while the other, is merely the assertion of a legal right, founded upon the failure of the *adverse* party, to comply with the requirements of the law, and is not dependent upon the discretion of the Court.

"Section 195 (now 225) of the Code, is inapplicable to the second of said motions, which the Court has authority to grant, under the general power of the Court, to relieve against its judgment, on the ground that they are void or voidable."

A motion under section 225 of the Code (1912), for an order allowing an answer to be made, is discretionary and presupposes, that the Court has acquired jurisdiction of the party making the motion; as the Court would not otherwise have jurisdiction to make an order, granting permission to the defendant, to answer the complaint. But a motion to set aside the service of a summons, on the ground that it was not properly served, so as to give the Court jurisdiction of the defendant, is not addressed to the discretion of the Court, and if the service of the summons is defective, the defendant has the right to demand that it be set aside.

The record shows that the defendant first gave notice of a motion to set aside the service of the summons, but afterwards requested that the papers giving notice of said motion be returned to them, which was done; and, therefore, made a motion for an order allowing her further time, within which to answer, etc., which was granted upon certain conditions.

The appearance of the defendant was not special but general, when the motion was made for an order, allowing it further time within which to answer the complaint.

The rule in such cases is thus stated in 3 Cyc. 507-8: "A defendant is considered to have a general appearance, when he applies for, or obtains leave to answer, or when he applies for and obtains an extension of time to answer."

The only reasonable inference from these facts, is that the plaintiff waived the right to make a motion, to set aside the service of the summons.

Appeal dismissed.