## 8570

### WILLIAMS v. HATCHER.

1. SERVICE OF SUMMONS—ATTORNEY.—WAIVER may be sometimes pre-
sumed from conduct; but where a nonresident by his attorneys
requests service of complaint on them reserving all rights, and
they serve notice of motion to strike from the complaint, which
motion was abandoned, it is held the nonresident did not thereby
waive the right to move to set aside the service on him in this
State while attending Court to testify and assist in conducting a
case in this Court as attorney for a nonresident client.

2. A NOTICE OF MOTION TO SET ASIDE A SERVICE OF A SUMMONS stating that
the movant lives in a certain city in a foreign State is sufficient sug-
gestion to plaintiff of where defendant may be served.

3. SERVICE ON NONRESIDENT—WAIVER.—A nonresident does not submit
himself to the jurisdiction of the Court by employing resident coun-
sel to move to dismiss service because the Court has thereby
acquired no jurisdiction of his person.

4. IBID.—ATTORNEYS.—A foreign attorney coming into this State to
attend to the trial of a case here is exempt from service of process
while in this State on that business.

Before FRANK B. GARY, J., Spartanburg, December, 1912. Affirmed.

Motion in case of Robert M. Williams against M. Felton Hatcher to dismiss service of summons. Plaintiff appeals on the following exceptions:

"1. The Court erred in ruling and holding that the defendant was exempt from service of civil process for the reason that he had voluntarily come into the jurisdiction of the Court for the purpose of testifying in a pending cause, the error being (a) that such exemption does not apply to a nonresident witness in the absence of actual arrest of the body or goods of the witness; (b) that in order to entitle the defendant to the exemption it was a prerequisite that he should show that his attendance was *necessary;* (c) that the affidavit of defendant upon which the motion to dismiss was based conclusively showed that the attendance of the defendant as a witness in the cause therein alleged to be pending was neither necessary nor possible, in this, that defendant deposed in his said affidavit that one W .J. Massee was held in the State of South Carolina under a warrant of extradition, that a writ of *habeas corpus* had been issued to inquire into the legality of the detention of the said Massee, and that he, the said defendant, was the only one acquainted with the facts out of which the criminal prosecution of the said Massee arose, and hence it was necessary for him to attend the hearing of the said writ in order to testify to the merits of said criminal prosecution; whereas it is with all respect submitted that such evidence is inadmissible in a proceeding, the only possible object of which is to inquire into the regularity of the papers of extradition, and not into the merits of the case.

"2. His Honor erred in ruling and holding that a nonresident attorney who comes into the jurisdiction for the purpose of appearing as counsel in a pending cause is

exempt from service of a civil process, the error being that no such exemption applies to nonresident attorneys.

"3. His Honor erred in ruling and holding that defendant had appeared for the sole purpose of objecting to the jurisdiction of the Court, the error being that the proceedings had upon the part of the defendant prior to the service of the notice of the motion to abate on October 22d, 1912, viz.: the notice of defendant's attorneys of appearance for the purpose of demanding a copy of the complaint; the letter of defendant's attorneys, Messrs. Sanders & DePass, of September 3d, 1912, to Messrs. Nicholls & Nicholls, plaintiff's attorneys, praying an extension of time to answer; the notice of September 14th, 1912, that defendant would move before his Honor, Frank B. Gary, Circuit Judge, at Union, S. C., to strike certain allegations from the complaint, and failing in that to ask an extension of time to answer; and the agreement of September 17th, 1912, entered into between attorneys for plaintiff and defendant, whereby an extension of time to answer was granted by plaintiff's attorneys—showed that the appearance of the defendant was general, and the special appearance sought to be entered by the defendant's attorneys through the notice of October 22d, 1912, was of no avail to vitiate the effect of said general appearance, it having come too late.

"4. His Honor erred in ruling and holding that the defendant had not waived his right to object to the jurisdiction of the Court, the error being that the motion was heard 'upon all the papers in the case,' among which said papers were the following, to wit: the notice of defendant's attorneys of appearance for the purpose of demanding a copy of the complaint; the letter of defendant's attorneys, Messrs. Sanders & DePass, of September 3d, 1912, addressed to Messrs. Nicholls & Nicholls, plaintiff's attorneys, praying an extension of time to answer; the notice of September 14th, 1912, that defendant would move before

his Honor, Frank B. Gary, Circuit Judge, to strike certain
allegations from the complaint, and failing in that to ask
an extension of time to answer; and the agreement of Sep-
tember 17th, 1912, entered into between the attorneys for
plaintiff and defendant, whereby an extension of time to
answer was granted by the plaintiff's attorneys; all of
which said proceedings were had upon the part of the
defendant before any special appearance for the purpose
of objecting to the jurisdiction of the Court was sought to
be entered in his behalf.   It is, therefore, respectfully sub-
mitted that the plea to the jurisdiction came too late to
avail defendant, and the proceedings above recited consti-
tuted a voluntary submission to the jurisdiction of the
Court, and were a waiver of the alleged jurisdictional
defect.

"5. His Honor erred in setting aside the service of the
summons, the error being (a) that the notice of the motion
to abate was insufficient on its face, in this, that it did not
suggest or point out by what manner plaintiff could get
service upon the defendant; (b) that the defendant did not
personally sign the notice of the motion, and the subscrip-
tion by defendant's attorneys of itself constituted a volun-
tary submission to the jurisdiction of the Court."

*Messrs. Harry S. Stokes* and *Nicholls & Nicholls* and
*T. T. McCarley,* for appellant, cite: *Reservation must state
right reserved:* 87 S. C. 322.   *Acceptance of service and
requesting extension of time to answer constitute voluntary
appearance:* 28 S. C. 122; 83 S. C. 574; 67 S. C. 229; 46
S. C. 11; 69 S. C. 278; 86 S. C. 324.   *Motion to strike out
is a plea to the merits:* 49 N. E. 80.   *Motion to set aside
service signed by local attorney is admission of jurisdiction:*
6 Mod. 146; Lawes' Pl. 91; 6 Pick. 371; 67 Vt. 380.
*Defendant is not exempt from process:* Harp. 191; 5 Rich.
L. 194; 56 S. C. 56; 1 Brev. 130; 19 L. R. A. 560; 55
Fed. 593.

*Messrs. John Gary Evans* and *Sanders & DePass,* contra, cite: *Defendant is exempt from service of summons in civil action:* 83 S. C. 221; 67 Am. St. R. 665; 74 Fed. 442; 32 Am. St. R. 770. *Defendant did not waive his right to move to set aside the service:* 33 S. C. 609; 48 S. C. 73.

June 6, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an appeal from an order of Judge Frank B. Gary setting aside the service of a summons. The defendant is an attorney residing in Macon, Georgia. His client, W. J. Massee, was arrested in Spartanburg, South Carolina, and applied to Judge Sease for a discharge under a writ of *habeas corpus.* Massee was held by the South Carolina authorities pending extradition proceedings under a requisition from the Governor of Tennessee. The respondent had represented Massee in his troubles in Tennessee and his affidavit claimed that his sole business in this State was to appear as attorney and witness for Massee in the proceedings before Judge Sease, and as such, he was exempt from service of process in coming, remaining and returning. After the service of the summons, the following notice was served upon plaintiff's attorneys:

"Please take notice that we appear for the defendant in the above stated case solely for the purpose of demanding that you serve upon us a copy of the complaint in said case at our offices, either in the Cleveland building or on the public square in the city of Spartanburg. In serving this notice we waive no rights, but expressly reserve the same.

JNO. GARY EVANS,
SANDERS & DEPASS,
Attorneys for Defendant."

In conformity with the above notice, plaintiff, on August 24, 1912, by his attorneys, served upon Messrs. Sanders

& DePass and John Gary Evans, attorneys for defendant, his complaint.

The following acceptance of service of the complaint was endorsed upon the original complaint:

"Due and legal service of a copy of the within complaint accepted at Spartanburg, S. C., Aug. 24, 1912—without waiving our rights as to appearance or otherwise, as set forth in demand for copy complaint.

SANDERS & DEPASS,<br>JOHN GARY EVANS,<br>Defendant's Attorneys."

The plaintiff served an amended complaint. Service accepted as follows:

"Service of copy of amended complaint accepted subject to conditions endorsed on original complaint.

- JOHN GARY EVANS,<br>SANDERS & DEPASS,<br>Defendant's Attorneys."

Thereafter, defendant's attorneys asked of plaintiff's attorneys an extension of time to answer and then served the following notice of a motion to strike out certain allegations of the complaint:

"Please take notice that, reserving to ourselves all rights, on Tuesday, September 17th, 1912, at nine-thirty o'clock a. m., or as soon thereafter as counsel can be heard, we will. upon your amended complaint in the above stated case, move before his Honor, Frank B. Gary, Circuit Judge, at Union, S. C., to strike from your complaint the following :"

There was an agreement as to the time for the hearing of the motion and time allowed to answer after the hearing. The motion was withdrawn and the following served:

"Messrs. Nicholls & Nicholls, Attorneys for Plaintiff:

"Please take notice, we will, on the first day of the next term of Court of Common Pleas for Spartanburg County,

at 10 o'clock a. m., or as soon thereafter as counsel can be heard, move the Court upon the annexed affidavit, a copy of which is herewith served upon you, and upon all of the papers in the case, to set aside the services of the summons on the ground that the defendant, not being a resident of the county of Spartanburg, or the State of South Carolina, and being in the State solely for the purpose of attending Court as attorney and witness, he was exempt from suit, and under the facts stated in the affidavit he is not amenable to suit or process in this State.

> JOHN GARY EVANS,
> SANDERS & DEPASS,
> Attorneys for Defendant."

Thereafter the case shows the following:

"The matter came on to be heard before the Hon. Frank B. Gary, presiding Judge, at the November, 1912, term of the Court of Common Pleas of Spartanburg county, upon all the pleadings and papers hereinbefore set forth, and on December 5, 1912, his Honor passed the following order, which was filed in the office of N. Leonard Bennett, clerk, on December 7, 1912.

"The summons and complaint herein were served upon the defendant in Spartanburg county. The defendant is a nonresident of South Carolina. It appears that when he was served with the summons he was in this State for the purpose of testifying as a witness in a certain case then pending here and for the purpose of acting as chief counsel in the said litigation and for no other purpose. The defendant now appears for the sole purpose of objecting to the jurisdiction of the Court. He contends that a nonresident is exempt from process while here for the purpose of testifying and of acting as principal counsel in a pending case, and here for no other purpose.

"It seems to me that the case of *Breon* v. *Lumber Co.*, 83 S. C. 225, and the cases therein cited are conclusive of

the question, and show that the contention of the defendant should be sustained.

"It is claimed, however, that the defendant has voluntarily submitted himself to the jurisdiction of the Court by his conduct subsequent to the attempted service. I cannot take this view of the matter, for it seems to me that the defendant has throughout attempted to reserve his right and to avoid submitting himself voluntarily to the jurisdiction.

"It is, therefore, ordered, that the attempted service of the summons herein upon the defendant be, and the same is hereby, set aside and declared to be of no effect."

From this order there was an appeal.

Let the exceptions be reported.

The questions raised are: Did the defendant waive jurisdiction?

Waiver is generally a question of intention. It is true intention will be conclusively presumed from conduct, at times. The authorities are not at one as to the conduct from which a conclusive presumption will be drawn. The reservation of rights was continually made and the intention not to waive any rights as a matter of fact is clear throughout. The question is, has the defendant done anything that as a matter of law is a waiver? The authorities, too numerous to cite, and too loose in expression to attempt to reconcile, are generally agreed that a general appearance, an answer and a motion in the cause are, as a matter of law, waivers. Here the appearance was special, to demand a copy of the complaint. The answer was not served and while a notice of motion was given, it was not made. The Circuit decree found that there was no intention to waive as a matter of fact, and there was no waiver in law.

*Fitzgerald* v. *J. I. Case Threshing Machine Co.,* 94 S. C. 54, 77 S. E. Rep. 739, differs from this case. In that case a motion was made. Here there was only notice of inten-

tion to make a motion. The exceptions that raise this question are overruled.

The second question as stated in appellant's argument, is as follows: "5. His Honor erred in setting aside the service of the summons, the error being (a) that the notice of the motion to abate was insufficient on its face, in this, that it did not suggest or point out by what manner plaintiff could get service upon the defendant; (b) that the defendant did not personally sign the notice of the motion, and the subscription by defendant's attorneys of itself constituted a voluntary submission to the jurisdiction of the Court."

These propositions must be overruled.

(a) The complaint states that the defendant resides in Macon, Georgia; he can be served there.

(b) We know of no reason why the notice should not be signed by an attorney and no controlling authority has been cited by appellant. If the position of the appellant is correct, that an attorney is an officer of the Court, and the Court's consent is presumed, then there could be no plea to the jurisdiction because a non-resident is not presumed to know the procedure and as soon as he procured the services of an attorney, he waives the jurisdiction. This exception is overruled.

The third and fourth questions as made by appellant's argument, raise this question: Are foreign attorneys, attending Courts in this State, exempt from service of process? The answer is they are. The case of *Breon v. Lumber Company,* 83 S. C. 225, settles the question as to parties and witnesses and the same principle applies to attorneys The words italicized by appellant, *"as a party or as a witness and for no other purpose whatever,"* does not mean that no other persons will be exempt, but only those who come with no other purpose except to attend Court are exempt.

The showing here is that the respondent came to South Carolina for no other purpose whatever than to assist in the hearing before Judge Sease.

The judgment of the Circuit Court is affirmed.