### 8757
### A. WICHMAN & SON v. FOX.

PLEADING—ANSWER.—Imposing as a condition precedent for leave to answer out of time, giving a bond by defendant to secure the amount of any judgment obtained by plaintiff is not an abuse of discretion.

*Fitzgerald* v. *Case Co., 94 S. C. 54, distinguished from this case.*

Before PRINCE, J., Charleston, November, 1914. Affirmed.

Action by A. Wichman & Son against J. R. and S. J. Fox. Defendants appeal.

*Messrs. Logan & Grace,* for appellants, cite: *On the main issue:* 94 S. C. 52.

*Messrs. Howell & Gruber,* contra, cite: *Order not appealable:* 17 S. C. 543; 27 S. C. 324; 73 S. C. 211; 31 S. C. 593.

March 18, 1914. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an appeal from an order of his Honor, the Circuit Judge, who, in allowing the defendants further time within which to answer the com-

plaint, imposed, as a condition, that they should file a bond, in the sum of $2,100.00, with sufficient surety, conditioned to pay the plaintiff any judgment he might recover against them, on the ground that the imposing of the condition was an abuse of discretion on the part of the Circuit Judge.

The appellant's attorneys rely upon the case of *Fitzgerald* v. *Case Co.,* 94 S. C. 54, 77 S. E. 739.

In that case, the order allowing the defendant to file an answer to the complaint, contained the condition that the case be docketed for the next ensuing term of Court, and that the defendant offer no motion for a continuance, but go to trial at said term, if the cause could be brought to trial then. The Court said: "The exception assigning error in imposing as a condition, that the plaintiff should not make a motion for a continuance when the case should be called for trial, must be sustained, as it is against public policy to prohibit a person from making a motion for a continuance when he has good grounds upon which to base the motion, as his rights might otherwise be seriously and irreparably affected."

The condition in that case that a motion should not be made at a subsequent term of the Court for a continuance was very different from the one now under consideration. Such a condition is against public policy, for the reason that it would deny to another Judge, the power to exercise his discretion in granting relief to the defendant, at a subsequent term of the Court, upon a state of facts then in existence, which could not have been anticipated, and which may be wholly disconnected with the question under consideration when the condition was imposed.

The rule is thus stated in *Hall* v. *Ry.,* 81 S. C. 522, 62 S. E. 840:

"When, in the exercise of his judgment and discretion, the Circuit Judge makes an order that a new trial should be granted, unless the plaintiff remits so many dollars from the verdict, that is an adjudication that the verdict is by that

amount clearly excessive, and that the defendant is of legal right entitled to be relieved from that excess or have a new trial. This was undoubtedly the adjudication of Judge Prince, and this was the right of the defendant. We do not doubt that Judge Prince might have provided in the order, that the defendant should do anything necessary to preserve the rights of the plaintiff, as a condition of the new trial, such, for example, as requiring the defendant to make secure the reduced amount, if it should stand. But that is a very different thing from making the defendant's adjudicated right to a new trial *nisi*, depend on his surrender of his constitutional and statutory right of appeal to the Supreme Court."

There is no difference in principle when a condition is imposed which deprives a defendant of the right to appeal, and when it deprives him of the right to make a motion for a continuance. Therefore, the case of *Fitzgerald* v. *Case Co.*, 94 S. C. 54, 77 S. E. 739, is not controlling as to the question presented by the exceptions.

The motion for further time within which to file an answer was addressed to the discretion of his Honor, the presiding Judge, and it has not been made to appear that it was erroneously exercised.

Appeal dismissed.