I cannot concur. The Constitution does not fix the place of trial of causes in *Page 60 
the Court of Common Pleas, and the legislature, having the right to do anything not forbidden by the Constitution, may fix the place of trial in the Court of Common Pleas.
As to magistrate's Courts, the Constitution does not fix the place of trial. Art. V, sec. 23, says: "Every civil action cognizable by magistrates shall be brought before a magistrate in the county where the defendant resides." It seems to me that the Constitution guarantees to a citizen of Oconee county that he shall not be subject to the magistrate Courts of Charleston county. It may cost him more to defend than to pay the claim. The evil of being carried to a distant magistrate is so great that the legislature has seen fit, in some cases, to divide the counties into subjudicial districts and confine the jurisdiction of the magistrate, in causes to be tried by him, to his own district. But whether the provision be wise or unwise, is not the question. It seems to me that there ought to be some act from which an intention to waive might be inferred. There certainly was no waiver of law and there was no act. Jurisdiction is the very life of a Court and a judgment without jurisdiction is void and ought to be set aside.
It seems to me that the opinion of the majority is not in accord with the principle announced in Williams v.Hatcher, 95 S.C. 49, 78 S.E. 615. In that case it was held that there was no waiver even though the defendant had given several notices of motions. The motions were not made. There was no actual appearance, and hence no waiver of law. If failure to appear be waiver at all it must be waiver of law. When the same thing is always construed to be waiver, then that thing becomes waiver of law. It is true, Hatcher was a nonresident, but the principles are the same. I do not think the laws of South Carolina are more considerate of residents of Georgia than to citizens of South Carolina. A Court is entitled to the respect of its citizens, but it can command it only when the Court itself obeys the law.
Affirmed. *Page 61