### 8583

#### KLATTE v. McKEAND.

1. SERVICE OF SUMMONS—JUDGMENT—WAIVER.—There being evidence here that the party served as agent of the corporation intended to be served was in fact not such agent, and no evidence to the contrary, the service and judgment by default were properly set aside and vacated. Request by defendant of extension of time to answer is not a waiver of no service.

2. EXCUSABLE NEGLECT.—Where a motion is made to set aside service of summons and to vacate judgment by default on ground of excusable neglect, the Court should find that judgment was obtained through excusable neglect of defendant, where it sets aside the service.

Before COPES, J., Dorchester, September, 1912. Affirmed.

Action by C. U. Klatte against A. W. McKeand and Coastal Land and Development Co. Plaintiff appeals.

*Messrs. J. Waties Waring* and *W. A. Holman,* for appellant. *Mr. Holman* cites: 76 S. C. 180; 94 S. C. 54; 84 S. C. 343; 87 S. C. 101; 93 S. C. 487.

*Mr. M. Rutledge Rivers,* contra, cites: 87 S. C. 402; 73 S. C. 528; 91 S. C. 429; 77 S. E. 710; 64 S. C. 343; 82 S. C. 505; 84 S. C. 145; 62 S. C. 533; 86 S. C. 324; 76 S. C.

180; 90 S. C. 552; 76 S. E. 1096; 60 S. E. 362; 61 S. E. 35; 60 S. E. 870; 63 S. E. 790; 69 S. E. 738; 73 S. E. 222; 49 S. E. 1007; 92 S. C. 415; 28 S. C. 313; 25 S. C. 380; 78 S. C. 325. *As to jurisdiction of person:* 28 S. C. 313; 25 S. C. 380; 78 S. C. 325; 87 S. C. 323, 101; 6 Ind. 268; 65 Kan. 830; 72 Kan. 73; 48 A. 741; 20 Ency. P. & P. 407; 3 Am. & Eng. Ann. Cas. 726; 72 S. E. 245; 69 S. E. 762.

June 28, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. The appeal in this case is from an order setting aside a judgment by default. The order was made by his Honor, Judge Copes, and was granted on the ground that the respondent, Coastal Land Development Company, was not served with summons. The order also set aside the judgment as a matter of discretion for excusable neglect.

There are seven exceptions, but the appellant reduces the questions to three as follows:

1. Did his Honor err in holding and finding that there had been no service on the defendant, Coastal Land Development Company?

The answer to that question is, he did not. There was abundant evidence that H. M. Sanders, who was served as the agent of the company, was not such agent and there was no evidence that he was the agent. There was nothing that his Honor could do but to so hold, and as a consequence thereof set aside the judgment by default. The appellant claims, however, that inasmuch as the attorneys for the defendant company asked of the attorneys for the plaintiff additional time to answer, it thereby appeared in the cause and waived service. The recent case of *Williams* v. *Hatcher,* *infra* 49, holds that even a notice of a motion (not made), is not a waiver.

2. Did his Honor err in holding that the judgment by default against the Coastal Land Development Company should be vacated and set aside on the ground of excusable neglect and surprise?

This Court having held that there was no service on the defendant, this question does not arise. It was proper for Judge Copes to consider both grounds because, if this Court had held that he was in error in setting aside the service of the summons, then the question of discretion would have arisen. The holding, however, that there was no service eliminated all other questions.

3. Did the Court of Common Pleas for Dorchester county have jurisdiction to render a judgment against the defendants?

No Court had jurisdiction to render judgment against the appellant as it was not served. The defendant, McKeand, has not appealed and his rights are not before this Court.

The respondent, Coastal Land Development Company, asked to sustain the order on additional grounds.

It would not be proper to consider these questions. They have become purely academic.

The judgment appealed from is affirmed.