## 9611

### MIMS v. GARVIN *ET AL.*

#### (91 S. E. 289.)

1. ATTACHMENT — NATURE OF REMEDY — DISTINCTION FROM PRINCIPAL SUIT.—The right of plaintiff to recover judgment on the alleged indebtedness and his right to attach the property of defendant are entirely separate and distinct.

2. MAGISTRATES—ATTACHMENT—DISSOLUTION.—Formerly an action could be commenced by attachment, but now it is only a provisional remedy in aid of the action, and if the attachment proceedings should be set aside for irregularity or other ground, it would not deprive the magistrate of jurisdiction to try the case on its merits, but if the plaintiff should fail to recover judgment, the attachment proceedings would become inoperative.

3. MAGISTRATES — GENERAL APPEARANCE — MOTION TO DISMISS. — In an action in which attachment was procured, a motion to dismiss on the ground that the allegations of the complaint were not sufficient to constitute a cause of action, in that they failed to show where plaintiff obtained his information that defendant was disposing of his property with intent to defraud his creditors, though not denominated a demurrer, constituted a general appearance conferring jurisdiction on the magistrate to hear the case.

Before RICE, J., Barnwell, July, 1916. Reversed.

Action by R. L. Mims against R. S. Garvin and another. From a judgment for defendants, plaintiff appeals, on the following exceptions:

(1) Because the Court below erred in sustaining the demurrer of the defendants, in this:

(a) A demurrer can only go to the complaint, and the complaint in this case, having alleged that the defendant, Garvin, was owing plaintiff $61 for hauling lumber, stated a cause of action irrespective of any irregularity of the

attachment proceedings, and his Honor erred in holding that the magistrate was without jurisdiction.

(2) Because an attachment can only be vacated for irregularity, or for being improvidently issued, and a demurrer will not suffice to get rid of it; but the proper and only way is by motion, and any irregularity of the attachment (even though it be void) will not oust the trial Court of jurisdiction, and the Court erred in holding that the magistrate was without jurisdiction.

(3) The Court erred in holding that the facts were before it; whereas, nothing but the so-called demurrer was before the Court, and the order sustaining the appeal is erroneous.

(4) An attorney is not entitled to appeal costs in the Circuit Court, and in allowing A. H. Ninestein, plaintiff's (meaning defendant) attorney, $10 motion costs, the Court erred.

(5) The Court erred in holding that the Court of magistrate had no jurisdiction for the reasons stated in the demurrer:

(a) The absence of an affidavit under Section 281 of the Code can only affect the attachment proceedings, and not the summons and complaint.

(b) The fact that there was no affidavit served with the complaint or filed with the magistrate within the time required by law does not affect the jurisdiction and right of the magistrate to proceed to hear and determine plaintiff's right to judgment against the defendant, Garvin.

(c) The fact that the property attached is not the property of the defendant is an issuable fact, and not demurrable.

(d) The fact that the complaint failed to state the source of plaintiff's information as to how he knows the defendant, Garvin, is disposing of his property with intent to defraud his creditors is not demurrable, but is ground to vacate on motion an attachment, and cannot affect the jurisdictional

question raised by the demurrer, and his Honor erred in holding otherwise.

*Mr. James E. Davis,* for appellant.

*Mr. A. H. Ninestein,* for respondent.

February 10, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This action was commenced in a magistrate's Court. The plaintiff, after alleging in his complaint that the defendant, Garvin, was indebted to him in the sum of $61, further alleged:

"That plaintiff claims a lien on said property of the defendant to the amount of $61, and he is informed and believes that the defendant is about to secrete, dispose of and ship out of the State the said property, with intent to defraud his creditors, to wit, loading lumber on Southern Railway cars. This plaintiff demands judgment in the sum of $61, and for the costs of this action."

Upon the above complaint a summons was issued in the usual form, and also a warrant of attachment was issued to attach the lumber on the cars of the defendant railroad company. There was, however, no affidavit accompanying the attachment proceedings.

The defendant appeared in response to the summons and complaint, and demurred to the proceedings, in the following manner:

"Now comes the defendant, by and through his attorney, A. H. Ninestein, solely and only for the purpose of pleading to the jurisdiction of the Court, and prays that the proceedings be dismissed, on the following grounds:

"(1) That there is no affidavit, as is provided by section 281 of the Code, vol. II; hence the proceedings fail for lack of the affidavit.

"(2) Because there was no affidavit served with the complaint or filed with the magistrate within the time prescribed by law.

"(3) Because the complaint was not sworn to or used or intended to be used as an affidavit.

"(4) Because the property sought to be attached is not the property of the defendant.

"(5) Because the alleged complaint fails to give or state a cause of action, in that it fails to allege a cause of action by stating where the plaintiff obtained his information that the defendant was disposing of his property with intent to defraud his creditors."

Upon the hearing of the cause before the magistrate, he overruled the demurrer, and the defendants appealed upon the same grounds as these, upon which they relied in the magistrate's Court, and upon the further ground that the magistrate erred in not dismissing said case for want of jurisdiction upon the record filed with the magistrate.

On hearing the appeal his Honor, the Circuit Judge, granted an order:

"That the appeal be sustained, and the complaint and the proceedings be dismissed, as the magistrate had no jurisdiction of said case, for the reasons set forth in the demurrer."

The plaintiff appealed from said order on exceptions which will be reported.

The right of the plaintiff to recover judgment against the defendants on the alleged indebtedness and his right to attach the property in question are entirely separate and distinct.

Formerly an action could be commenced by attachment, but now it is only a provisional remedy in aid of the action.

*Central R. R.* v. *Georgia Co.,* 32 S. C. 319, 11 S. E. 192. Therefore, even if the attachment proceedings should be set aside for irregularity, or other ground, such fact would not deprive the magistrate of jurisdiction to try the case upon its merits. If, however, the plaintiff should fail to recover judgment against the defendants, the attachment proceedings would become inoperative and ineffectual as an aid to the action.

One of the grounds upon which the defendants relied was that the allegations of the complaint were not sufficient to constitute a cause of action, in that they failed to show where the plaintiff obtained his information that the defendant was disposing of his property with intent to defraud his creditors.

In the case of *Brewton* v. *Shirley,* 93 S. C. 365, 76 S. E. 988, it was held that the action of the Court in sustaining a demurrer was a final judgment, and that the questions thereby determined became *res judicata.* It is true that the ground upon which the defendants relied was not denominated a demurrer; nevertheless it was intended to have the effect of a demurrer. The demurrer involved the merits to the extent of conferring jurisdiction upon the magistrate.

In the case of *Fitzgerald* v. *Case Co.,* 94 S. C. 54, 77 S. E. 739, it was held that the appearance of the defendant was not special, but general, when it made a motion for an order allowing it further time within which to answer the complaint. In that case this Court quoted with approval the following language from 3 Cyc. 507, 508:

"A defendant is considered to make a general appearance when he applies for or obtains leave to answer, or when he applies for and obtains an extension of time to answer."

Judgment reversed, and new trial granted.