### LIPE v. C. C. & O. RAILWAY CO.

#### (116 S. E., 101)

1. APPEAL AND ERROR—FINDINGS RELATIVE TO SERVICE OF PROCESS ON AGENT OF CORPORATION HELD TO PRESENT QUESTIONS OF FACT.— Whether defendant, a foreign corporation, was doing business in the State, whether persons served with process were its agents, and whether plaintiff was a resident of the State within Code Civ. Proc. 1912, § 461, are questions of mixed law and fact, but the result of their determination is essentially a finding of fact, which the Supreme Court cannot review, unless unsupported by evidence or manifestly influenced or controlled by error of law.

2. CORPORATIONS—FOREIGN CORPORATION DOING BUSINESS IN STATE MAY BE SUED BY RESIDENT ON CAUSE OF ACTION ARISING WITHOUT STATE.—In view of Code Civ. Proc. 1912, § 461, providing that actions against foreign corporations may be brought in the State by any resident thereof "for any cause of action" or by a non-resident "when the cause of action shall have arisen, or the subject of the action shall be situated within this State," jurisdiction of a foreign corporation doing business in the State, through agents amenable to process, thought it has not complied with the State laws nor intended to subject itself to the jurisdiction of the State

Courts, is acquired in an action brought by a resident of the State by service of summons personally on such agents (Section 184), though the cause of action arose without the State.

Before Townsend, J., Richland, July, 1922.    Affirmed.

Action by Carrie E. Lipe, as administratrix of the estate of William F. Lipe, deceased, against the Carolina, Clinchfield & Ohio Railway Company. From an order refusing to vacate the service of summons, defendant appeals.

*Messrs. F. Barron Grier* and *J. B. S. Lyles,* for appellant, cite: *Defendant a Virginia corporation:* 82 S. C., 127; 84 S. C., 318. *Courts of South Carolina have no jurisdiction over the defendant, a foreign corporation not domesticated, where the cause of action arose in North Carolina:* 251 U. S., 373; 204 U. S., 8; 236 U. S., 115; 66 L. Ed., 224. *If defendant had become domesticated question would be different:* 243 U. S., 610; 66 L. Ed., 102. *S. C., decisions on the point:* 93 S. C., 102; 61 S. C., 361; 66 S. C., 328; 107 U. S., 299; 48 S. C., 65; 73 S. C., 526; 109 S. C., 326; 112 S. C., 332. *In other jurisdictions:* 226 Fed., 893; 76 Ala., 388; 227 U. S., 218; 243 U. S., 264; 205 U. S., 364; 205 U. S., 330; 244 U. S., 49; 246 U. S., 79. *Court had no jurisdiction of the subject matter:* 32 S. C., 319; 37 S. C., 406.

*Messrs. Tompkins, Barnett & McDonald,* for respondent, cite: *Foreign corporation doing business in South Carolina through agents, is amenable to jurisdiction of State Court on transitory cause of action:* 66 L. Ed., 224; Code Proc. 1912, Secs. 184, 461; 66 L. Ed., 102; 72 S. C., 482; 35 S. C., 372; 170 U. S., 100; 197 U. S., 229; 61 S. C., 360; 14 C. J., 1384. *What constitutes "doing business":* 238 U. S., 184; 205 U. S., 531; 234 U. S., 519.

February 26, 1923.

The opinion of the Court was delivered by Mr. Justice Marion.

The plaintiff is a resident of this state, the defendant a Virginia corporation, and the cause of action a tort. The action is for damages on account of the alleged wrongful death of the plaintiff's intestate, who was fatally injured in the State of North Carolina while in the employ of the defendant as a conductor. The summons and complaint were served on certain persons at Spartanburg, S. C., who, as plaintiff contends, were then agents of the defendant in this state. The defendant entered a special appearance and moved to vacate the service. From an order of Hon. W. H. Townsend, Circuit Judge, refusing that motion, the defendant appeals. The notice, embodying the grounds of said motion, and the order of the Circuit Judge, will be reported.

Error is imputed to the Circuit Court (exceptions 4 to 7 inclusive) in finding and holding (1) that the defendant was doing business in South Carolina, (2) that the persons served with process were agents of the defendant, and (3) that the plaintiff was a resident of the state within the meaning of Section 461 of the Code of Civil Procedure of 1912. A conclusion as to either of the points indicated necessarily involves the determination of a question of mixed law and fact, but the result of such determination by the Circuit Judge is essentially a finding of fact which this Court has no power to review, unless wholly unsupported by evidence or manifestly influenced or controlled by error of law. *Hester v. Raisin Fertilizer Co.*, 33 S. C., 609, 12 S. E., 563; *Pollock v. Ass'n*, 48 S. C., 65, 25 S. E., 977, 59 Am. St. Rep., 695; *Jenkins v. Penn. Bridge Co.*, 73 S. C., 526, 53 S. E., 991; *McSwain v. Grain & Provision Co.*, 93 S. C., 103, 76 S. E., 117, Ann. Cas. 1914B, 981. We are of the opinion that the findings of the Circuit Court that defendant was "doing business" within the state (*St. Louis S. W. R. Co. v. Alexander*, 227 U. S., 218, 33 Sup. Ct., 245, 57 L. Ed., 486, Ann. Cas., 1915B, 77; *Reynolds v. Mo., K & T. Ry.*, 224 Mass., 379, 113 N. E., 413, 255 U. S., 565, 41 Sup. Ct., 446, 65 L. Ed., 788; *St. Louis & S. F. Ry. Co. v.*

*Sizemore,* 53 Tex. Civ. App., 491, 116 S. W., 403; *Wichita Falls Ry. Co. v. Puckett,* 53 Okl., 463, 157 Pac., 112; *Mc-Neill v. Electric Storage Battery Co.,* 109 S. C., 326, 96 S. E., 134; and see generally *Blue Ridge Power Co. v. So. Ry. Co. et al.,* 115 S. E., 306, recently filed); that the persons served were agents of the defendant (*Carter v. So. Ry. Co.,* 100 S. C., 414, 84 S. E., 999; *Calhoun Mills v. Black Diamond Collieries,* 112 S. C., 332, 99 S. E., 821; *Jenkins v. Penn. Bridge Co., supra*); and that the plaintiff was a resident of the state (*Pollock v. Ass'n, supra; Howard v. Nashville, etc., Ry. Co.,* 133 Tenn., 19, 179 S. W., 380, L. R. A., 1916B, 794, Ann. Cas., 1917A, 844)—cannot be said to be wholly without evidence to support them or manifestly attributable to an erroneous conception or application of the law. The assignments of error as to the foregoing findings must therefore be overruled.

But, even if it be conceded that the defendant was doing business within the state and that the persons served with process were its agents, appellant contends that their agency must be limited to actions which arise out of the business transacted in South Carolina. It insists that, since the defendant was not authorized or licensed to do business in South Carolina and had not consented to subject itself to the jurisdiction of the State Courts by complying with the local laws, any other conclusion would do violence to its rights under the Federal Constitution. The plaintiff's cause of action owes its origin to business transacted in North Carolina and has no relation to any business transacted in South Carolina, and for that reason appellant says the service was invalid.

For that proposition, it is forcefully argued, two decisions of the Supreme Court of the United States furnish conclusive authority. They are *Old Wayne Mut. Life Ass'n v. McDonough,* 204 U. S., 8, 27 Sup. Ct., 236, 51 L. Ed., 345, and *Simon v. Southern R. Co.,* 236 U. S., 115, 35 Sup. Ct., 255, 59 L. Ed., 492. The scope and effect of these

decisions cannot be more clearly stated than in the language of Judge Cardoza, in the case of *Bagdon v. Philadelphia & R. Coal & I. Co.,* 217 N. Y., 432, 111 N. E., 1075, L. R. A., 1916F, 407, Ann. Cas., 1918A, 389:

"In *Old Wayne Mut. Life Asso. v. McDonough, supra,* an action was brought in Pennsylvania against an Insurance Company organized in Indiana. The laws of Pennsylvania provide that no foreign Insurance Company shall do business in that state until it has filed a stipulation that any legal process affecting the Company may be served either on a designated agent or on the Insurance Commissioner, with the same effect as if served personally on the Company. The Old Wayne Life Association did business in Pennsylvania; but it did not file the stipulation. A creditor sued it on a claim having no relation to its Pennsylvania business, *and served the Insurance Commissioner.* This service was held invalid. The Court said that, if the cause of action had relation to business transacted in Pennsylvania, the Insurance Company would be estopped to take advantage of its failure to file the stipulation required by the statute. Even though it had not consented to be bound by service on a public officer, it would in such a situation be charged with the same consequences as if it had consented. But the Court refused to extend the estoppel to a case where the transaction of business in Pennsylvania had no relation to the cause of action. In such a case it held that the Company had the right to show the truth, and the truth was that it had not given its consent. 'While the highest considerations of public policy demand that an Insurance Corporation, entering a state in defiance of a statute which lawfully prescribes the terms upon which it may exert its powers there, should be held to have assented to such terms as to business there transacted by it, it would be going very far to imply, and we do not imply, such assent as to business transacted in another state, although citizens of the former state may be interested in such business.' 204 U. S., at page 22. *Old Wayne Mut.*

*Life Asso. v. McDonough* was followed in *Simon v. Southern R. Co.,* [*supra*], which brought up the same question. The plaintiff sued the Southern Railway Company, a Virginia corporation, in the Courts of Louisiana. That state makes it the duty of every foreign corporation doing business within its borders to file a written declaration setting forth the places in the state where it is doing business, and the name of an agent upon whom process may be served. If business is done without compliance with that condition, process may be served upon the Secretary of State. The Southern Railway Company did not file the required declaration. There was some question whether it did business in Louisiana at all. At all events, the cause of action had no relation to that business. It grew out of a collision in the State of Alabama. The Court held that *service on the Secretary of State of Louisiana was not service on the Railway Company.* It expressly refused to pass upon the effect of a voluntary appointment of an agent for the service of process. 'Without discussing the right to sue on a transitory cause of action and serve the same on an agent voluntarily appointed by the foreign corporation, we put the decision here on the special fact, relied on in the Court below, that in this case the cause of action arose within the State of Alabama, and the suit therefor, in the Louisiana Court, was served on an agent designated by a Louisiana statute.' 236 U. S., at p. 130." (Italics added.)

It thus appears that the precise point decided was that, where a foreign corporation does business in a state without designating an agent upon whom process against it may be served in that state, in conformity with the requirements of a statute providing that, in the event of failure to appoint such agent, process may be served upon a designated public official of the state, jurisdiction of the person of such foreign corporation may not be acquired by service of process upon the public official thus designated, in a case where the cause of action did not arise in the state.

For the purposes of this discussion it may be conceded that those decisions of the tribunal, invested with final jurisdiction in controversies between citizens of different states, fully establish the rule that the compulsory assent to jurisdiction implied from service of process upon a substitute or constructive agent designated by statute, and imputed to the corporation, under the doctrine of 'estoppel, from thus going into business in a state without complying with its statutory requirements as to the appointment of a process agent, is limited to causes of action which owe their origin to the transaction of business within the state. It may be further conceded that, even where a foreign corporation has complied with the statutory requirement as to the appointment of such process agent, the Supreme Court of the United States has clearly "indicated a leaning toward a construction (of such statutes) where possible, that would exclude from their operation causes of action not arising in the business done by them in the state." *Mr. Chief Justice Taft in Mo. Pac. Railroad Co. v. Clarendon Boat Car Co.,* 257 U. S., 533, 42 Sup. Ct., 210, 66 L. Ed., 354; *Robert Mitchell Furniture Co. v. Selden Breck Const. Co.,* 257 U. S., 213, 42 Sup. Ct., 84, 66 L. Ed., 102; *Chipman v. Thomas B. Jeffery Co.,* 251 U. S., 373, 40 Sup. Ct., 172, 64 L. Ed., 314. But, while there are expressions in the argumentative portion of the opinion in the case of *Simon v. Southern R. Co., supra,* which would seem to lend support to the contention of appellant's counsel in the case at bar, none of the cases, as we apprehend, when read in the light of the facts of the case and of the particular statute under consideration, may properly be construed as decisive of the question here presented.

That question, as we conceive it, is in no wise dependent upon the construction of a statute designed to compel the technical or constructive presence of a foreign corporation in a state for purposes of jurisdiction; nor is it in any wise controlled by the view of the Supreme Court of the United States that the compulsory assent to jurisdiction, to be im-

plied under the doctrine of estoppel, from the failure to appoint a process agent in the state, is limited to causes of action arising within the state.    Where the question turns upon either of those considerations, as is said by Mr. Justice Holmes in *Robert Mitchell Furniture Co. v. Selden Breck Const. Co., supra*—

"The reasons for a limited interpretation of a compulsory assent are hardly less strong when the assent is expressed by the appointment of an agent than when it is implied from going into business  *  *  *  without appointing one."

In either case jurisdiction is made to depend upon the constructive, not the actual, presence of the corporation within the state's borders, by virtue of a state statute imputing to the corporation a technical presence of the purpose of jurisdiction, as the result either of appointing a process agent or of failing to appoint one.    Where jurisdiction is attributed to such constructive presence and is acquired by service of process upon one whose power to bind the corporation with respect to process is derived solely from a state statute imputing such authority, the jurisdiction of the state Courts will not be extended to causes of action based on transactions outside of the state.    And that, as we apprehend, is as far as the authority of the decisions, cited and relied upon by appellant, may be held to extend.

But we are concerned here, not with the constructive presence of the defendant corporation, but with its actual presence in the state; not with the effect of service of process upon constructive agents, but upon actual agents within the jurisdiction of the Court issuing the process.    The Circuit Court has found, as matter of fact, that the defendant was actually doing business within the state, and that the parties upon whom process was served were actually its agents and employees in the carrying on of such business.    In that state of the facts it is wholly immaterial whether the defendant had complied with statutory requirements as to designating an agent upon whom process could be served or

had conformed to other statutory or constitutional provisions as to doing business in the state.   If it was actually doing business within the state its presence within the jurisdiction was as real as that of a domestic corporation doing a similar business.   Obviously, the fact—if it be a fact—that defendant was doing business outside the pale of the law could confer upon it no privileges and immunities with respect to the jurisdiction of the State Courts which were not possessed by a domestic corporation or another foreign corporation doing a similar business within the law.   The fact that it is doing business appearing, jurisdiction of the person of a foreign corporation is acquired in the same manner as jurisdiction of the person of a domestic corporation—by the service of the summons personally upon certain named officers of the corporation "or any agent thereof." Section 184, Code of Civ. Proc. 1912.   The summons in the case at bar having been served pursuant to the prescribed procedure, upon persons who were agents of the defendant by virtue of employment in its service, as found by the Circuit Judge, is the service to be declared invalid by reason of the fact that the cause of action arose without the state?

The conclusive answer to that question is found in Section 461 of the Code of Civil Procedure of 1912, providing that—

"An action against a corporation created by or under the laws of any other state, government, or country, may be brought in the Circuit Court (1) by any resident of this state, for any cause of action, (2) by a plaintiff not a resident of this state, when the cause of action shall have arisen, or the subject of the action shall be situated within this state."

The language of the statute, conferring the right upon any resident to bring an action in the Circuit Court against a foreign corporation "for any cause of action," and limiting the right of action of a nonresident, is too clear to require interpretative comment.   The plaintiff, a resident of the

state, was entitled to sue upon her transitory cause of action arising in the state of North Carolina, and the Circuit Court was invested with jurisdiction to try the cause. Obviously, if the service of process was otherwise sufficient to give the Circuit Court jurisdiction of the person of the defendant, the service was not invalidated or rendered nugatory by reason of the fact that the plaintiff's cause of action arose without the state.

The power of the state "to make the jurisdiction over the foreign corporation wide enough to include the adjudication of transitory action not arising in the state" is not open to question. See *Mo. Pac. R. Co. v. Clarendon B. C. Co., supra; Best v. Ry. Co.,* 72 S. C., 482, 52 S. E., 223; 14a C. J., 1384, § 4100. The state of Virginia has the same power to subject a South Carolina corporation doing business in Virginia to the jurisdiction of its Courts, for the trial of a cause of action arising elsewhere, as South Carolina has to subject a Virginia corporation, doing business in this state, to the jurisdiction of its courts, for the trial of a cause of action arising elsewhere. Most of the great interstate carriers by railroad, telegraph, and telephone, for example, are foreign corporations, in a majority of the states through which they pass. To hold that a resident of South Carolina, injured in North Carolina, by a Virginia corporation, doing business and reachable by process in South Carolina, must seek redress either in the Courts of North Carolina or of Virginia, would involve a conclusion that is neither in accord with authority nor consistent with sound public policy. To go further and hold that, because the foreign corporation, doing business in the state through agents amenable to process, has not complied with the state laws and has not intended to subject itself to the jurisdiction of the state Courts, it may not be held liable in the same manner and to the same extent as another foreign corporation legally doing a similar business, would amount to penalizing the law-abiding, foreign corporation, and plac-

ing a premium upon outlawry. The test in this aspect of the question lies, as we think, not in the express or implied consent of a foreign corporation to a state's jurisdiction, but in whether it is actually present within the jurisdiction and subject thereto; that is, doing business therein through agents in fact, who may be reached by the personal service of process within the state. The application of that test in the case at bar, under the facts found by the Circuit Court, leads to the conclusion reached by the Supreme Court of the United States in the case of *St. Louis Southwestern R. Co. v. Alexander*, 227 U. S., 218, 33 Sup. Ct., 245, 57 L. E., 486, Ann. Cas., 1915B, 77, and *Mo., Kan. & Tex. Ry. Co. v. Reynolds*, 255 U. S., 565, 41 Sup. Ct., 446, 65 L. Ed., 788, and not to the conclusion reached in *Old Wayne M. L. Ass'n v. McDonough, supra*, and *Simon v. So. Ry., supra*.

It follows that appellant's exceptions 1 to 3 inclusive, must be overruled.

The order of the Circuit Court is accordingly affirmed.

MR. CHIEF JUSTICE GARY, and MESSRS. JUSTICES WATTS and FRASER concur.

MR. JUSTICE COTHRAN did not participate.