13600

THOMPSON v. QUEEN CITY COACH CO., INC., *ET AL.*

(168 S. E., 693)

232

July, 1931.

Mr. R. N. Ward, for appellant,

Messrs. J. L. Love and D. B. Stover, for respondents,

March 14, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The statement of facts is here given substantially as contained in the record for appeal. The action is one to recover actual damages for delay and damage to a trunk and for loss of a suitcase checked by plaintiff, a citizen of South Carolina, from Memphis, Tenn., to Greenville, S. C., on June 8, 1931—over lines of Dixie Greyhound Lines, Inc., from Memphis to Birmingham, Ala.; over lines of Service Stages, Inc., from Birmingham to Atlanta, Ga.; and over lines of Queen City Coach Company, Inc., from Atlanta to Greenville.

Dixie Greyhound Lines, Inc., and Service Stages, Inc., do not operate in South Carolina, and no property of either of them has been attached in this State. American Fidelity & Casualty Company is surety under an indemnity policy for Dixie Greyhound Lines, Inc., and the United States Fidelity & Guaranty Company is surety under an indemnity policy for Service Stages, Inc., in accordance with requirements of the Alabama Motor Carrier Act of August 23, 1927, in effect on June 8, 1931 (Acts 1927, p. 309).

The action was commenced on July 28, 1931, against Queen City Coach Company, Inc., and Dixie Greyhound Lines, Inc., only. Order of publication was obtained, and the summons and complaint were served on an agent of Dixie Greyhound Lines, Inc., in Memphis, Tenn., on October 14. It defaulted.

The complaint was amended so as to make American Fidelity & Casualty Company a party defendant; and Hon. Sam B. King, Insurance Commissioner for South Carolina, accepted service on behalf of that company on December 18. Order of publication was secured and service on Dixie Greyhound Lines, Inc., was attempted through service on an agent in Memphis, Tenn., on December 21. Both of these defendants, through Attorney J. L. Love, requested and obtained an extension of time to answer.

The complaint was again amended, Service Stages, Inc., and United States Fidelity & Guaranty Company being made parties defendant. The second amended complaint was served on Dixie Greyhound Lines, Inc., and Service Stages, Inc., by service, on January 8, 1932, after an order of publication was obtained, on agents of those defendants beyond the jurisdiction of the Court. Attorney J. L. Love accepted service on behalf of American Fidelity & Casualty Company on January 7, 1932, and service on the United States Fidelity & Guaranty Company was obtained by serving its agent, Wm. Goldsmith, in Greenville County, S. C., on the same day. On January 15, the United States Fidelity & Guaranty Company, by its agent, Geo. L. Warthen, Columbia, S. C., requested and obtained an extension of time to answer; and on January 18, Dakyns B. Stover, attorney for the United States Fidelity & Guaranty Company and Service Stages, Inc., requested and obtained an extension of time to answer on behalf of these defendants.

On January 27, 1932, without taking advantage of the extension of time granted, Service Stages, Inc., and the United States Fidelity & Guaranty Company demurred to the jurisdiction of the Court and gave notice of a motion, specifying that they would appear specially for the purpose of the motion only, for an order dismissing the complaint as to them for lack of jurisdiction of their persons and the subject of the action. On the same day Dixie Greyhound Lines, Inc., and American Fidelity & Casualty Company gave similar notice of a similar motion.

On February 10, the matter was heard by Hon. Martin F. Ansel, County Judge, on the complaint, summons, notices, demurrers, affidavits, including one of Hon. J. O. Hamby, chief of the Motor Transportation Department of the Public Service Commission of the State of Alabama, and the Alabama Motor Carrier Act. At the hearing, plaintiff's attorney admitted that the service on Dixie Greyhound Lines, Inc., and Service Stages, Inc., was perhaps defective, but took

the position that these defendants had voluntarily submitted to the jurisdiction of the Court (1) by appearing generally; (2) by offering affidavits and other evidence, (a) on the merits, (b) controversial in nature, and (c) concerning non-jurisdictional issues; and (3) by demurring. On February 18, the Court passed an order dismissing the complaint as to all defendants except Queen City Coach Company, Inc. On February 27, plaintiff gave defendants notice of a motion to vacate this order. The motion was heard on March 10 on the record of the previous hearing and an affidavit of plaintiff's attorney; the following additional grounds to support the contention of voluntary appearances being argued: (a) Defendants' seeking and obtaining extension of time to answer; and (b) acceptance of service of the summons and complaint by American Fidelity & Casualty Company. The motion was overruled, and the case is here on appeal.

Before considering the nature of the papers which served as a basis for the contest before the Court, we will refer briefly to appellant's contention that the defendants or some of them waived service of process and voluntarily submitted to the jurisdiction of the Court by seeking and obtaining an extension of time to answer. If may be remarked, in this connection and generally, that waiver is a question of intention, though, of course, the conduct of the defendants may in some circumstances constitute waiver as a matter of law, upon the theory that such conduct operates as an estoppel to deny the intention to waive, or, stated differently, that the intention will be conclusively presumed from such conduct. See *Williams v. Hatcher*, 95 S. C., 49, 78 S. E., 615. The defendants here by their notices expressly asserted that they were "appearing specially for the purpose of this motion, and no other"; and *Klatte v. McKeand*, 95 S. C., 219, 78 S. E., 712, is authority for the holding that the request made by their counsel or agent of plaintiff's counsel for an extension of time to answer does not constitute waiver of service as a matter of law. *Fitz-*

*gerald v. J. I. Case Threshing Machine Company,* 94 S. C., 54, 77 S. E., 739, cited by appellants, may be easily differentiated, as in that case the defendant, after default, made a motion before the Court for leave to answer, which was held to be a submission to the jurisdiction of the Court.

We may say that the papers or "notices," however denominated, served upon the plaintiff by the defendants as a basis for the hearing before Judge Ansel, are inaptly drawn and tend to confusion as to the questions presented to the Court. Dixie Greyhound Lines, Inc., and its surety, American Fidelity & Casualty Company, each gave a separate notice of a motion "for an order dismissing the complaint against the defendant * * * upon the ground that this Court has no jurisdiction over the defendant * * * or the subject of this action." Each of the separate "notices" served by Service Stages, Inc., and its surety, United States Fidelity & Guaranty Company, recites that the defendant "demurs to the jurisdiction of the Court as to said defendant and will move * * * for an order dismissing the complaint against the said defendant * * * upon the ground that this Court has no jurisdiction over and of the said defendant * * * or the subject of this action.

Attached to the "notice" served by Dixie Greyhound Lines, Inc., was an affidavit of its attorney to the effect, *inter alia,* that the plaintiff attempted to secure jurisdiction over this defendant by service of a copy of the summons and complaint upon one Smith at Memphis, Tenn.; the "notice" served by Service Stages, Inc., was accompanied by a similar affidavit of its counsel to the effect, *inter alia,* that service upon this defendant was attempted through service of a copy of the summons and complaint upon the president of the company in Atlanta, Ga. From these statements in the affidavits it appears that each of the papers may have been intended as notice of a motion to quash or set aside the service of process.

Each of the four "notices" raises the question of the jurisdiction of the Court as to the person of the defendant and as to the subject of the action. Section 458 of the 1932 Code provides that such objection may be taken by demurrer when it appears on the face of the complaint, while under Section 461 it may be taken by answer when it does not so appear. Attached to the "notice" served by American Fidelity & Casualty Company is an affidavit of its counsel containing an alleged quotation from its policy to the effect that this company "shall not be liable to pay any loss, nor shall any action be brought against the company to recover under the policy until a final judgment shall have been rendered against Dixie Greyhound Lines, Inc., in the Court of last resort, after trial of the issues," and of a further provision to the effect that the company's liability is "limited to the sum of Fifty ($50.00) Dollars." Attached to the "notice" served by United States Fidelity & Guaranty Company is an affidavit of its counsel containing similar alleged quotations from its policy. These provisions of the policies do not appear on the face of the complaint.

Aside from the fact that the papers served by Service Stages, Inc., and its surety, United States Fidelity & Guaranty Company, specifically state that these defendants demur to the jurisdiction of the Court, as each of the four "notices" provides that the defendant therein appeared "specifically for the purpose of this motion, and no other," as the Courts are inclined to view with favor any such reservation indicating that the defendant did not intend to enter a general appearance, as the Court will look to the effect of the paper served rather than the name given to it by the defendant (*Mims v. Garvin*, 106 S. C., 381, 91 S. E., 289), and as the papers served do not appear, in all the circumstances, to have been intended as or to have the effect of answers, we can only conclude that such papers constitute demurrers to the jurisdiction of the Court over the persons of the defendants and over the subject of the action. In this view of the

matter, the question of the service of process upon the defendant bus companies outside the State cannot be considered. If these defendants desired to present this question to the Court, they should have filed a motion to quash or set aside the service without seeking dismissal of the complaint. The effect of granting such a motion would not be to dismiss the complaint, but merely to declare the service in question void.

Without deciding as to the principle contended for by appellant, that demurrer to the jurisdiction of the subject of the action constitutes a general appearance, for the general application of which there is respectable authority, and without deciding whether, generally, acts of the defendant in a proceeding before the Court such as appellant here stresses constitute a general appearance, we turn to the consideration of another phase of the matter which, in our view, is conclusive of this case.

In treating the papers as demurrers, the Court, of course, could consider only what appeared on the face of the complaint. The terms of the policy, not set out in the complaint, constitute matter of defense by the surety companies, and cannot be determined upon consideration of their demurrers. *Pollock v. Car. Inter State B. & L. Association,* 48 S. C., 65, 25 S. E., 977, 59 Am. St. Rep., 695; *Caldwell v. Carroll,* 139 S. C., 163, 137 S. E., 444. We proceed, therefore, to examine the complaint in order to ascertain whether such demurrers should have been sustained. The complaint not being set out in full in the transcript of record but its deficiencies being supplied in the agreed statement of fact, we necessarily conclude that such of the agreed facts as would be essential to the alleged cause of action are alleged in the complaint. Plaintiff's baggage was checked at Memphis, Tenn., over lines of Dixie Greyhound Lines, Inc., from that point to Birmingham, Ala., and over lines of Service Stages, Inc., from Birmingham to Atlanta, Ga. The complaint specifically alleges that both the

bus companies are foreign corporations and are doing business in states other than South Carolina; and there is no allegation that either of them is engaged in business in South Carolina or has any agent here, or that plaintiff's baggage was lost in this State. The only inference possible, therefore, from an examination of the complaint, is that the cause of action arose outside of this State. It is true that attorneys for the defendants in their affidavits stated that the loss, if any, "occurred" or "must have occurred" outside the State, but these statements appear to us to be matters of argument rather than statements of fact; and, even if they be considered statements of fact, they add nothing to the facts evident from the allegations of the complaint.

But Section 826 of the 1932 Code provides that an action against a foreign corporation may be brought in the Circuit Court "by any resident of this State, for any cause of action," and appellant relies on this provision to support her contention that the Court has jurisdiction of the case, although the cause of action arose outside the State. This provision was construed in *Lipe v. C., C. & O. Railway Company*, 123 S. C., 515, 116 S. E., 101, 104, 30 A. L. R., 248, in an opinion rendered in connection with the question of service of process upon an agent of a foreign corporation, the Court saying: "The test in this aspect of the question lies, as we think, not in the express or implied consent of a foreign corporation to a state's jurisdiction, but in whether it is actually present within the jurisdiction and subject thereto; that is, doing business therein through agents in fact, who may be reached by the personal service of process within the State."

The "express or implied consent of a foreign corporation to a state's jurisdiction" referred to had to do with the question of service of process upon an agent whose agency for such purpose arises through operation of a statute; the Court making a distinction, with reference to causes of action based on transactions outside the State, be-

240

tween service upon such constructive agent and service upon one who is an actual agent of a foreign corporation "doing business" within the State, the case then under consideration coming within the latter class. Throughout the opinion it is evident that the "doing business" in the State by the foreign corporation was the deciding consideration. The decision is well reasoned, firmly fortified by authority, and sound; and we think the principle therein enunciated and above quoted —it is to be observed that it refers to "express" as well as to "implied" consent to the jurisdiction—is applicable to and controls the present case. We can reach no other conclusion than that, in order for a Circuit Court of this State to have jurisdiction in a case against a foreign corporation where the cause of action arises without the State, it must be shown that the corporation is "doing business" within the State. To hold otherwise would be inconsistent with the principles conceded and enunciated in the *Lipe case,* which, we may add, is cited with approval in *Hodges v. Lake Summit Company,* 155 S. C., 436, 152 S. E., 658. This disposes of the matter in so far as the bus companies are concerned; it not being contended that they are "doing business" in this State.

In so far as the surety companies are concerned, we ██ ██ understand it to be conceded that they are engaged in business in this State, and appellant contends that the Circuit Court would have jurisdiction of the case as to them even if not as to the bus companies. While it is true, as contended by appellant, that, where the surety's liability is joint and several, an action may be maintained against the surety without making the principal a party, the application of this principle is necessarily limited to cases in which the Court has jurisdiction of the entire case. In the case here there is no cause of action against the sureties except that arising out of the delict of the bus companies. As we have already shown, the Court has no jurisdiction of the subject of the action in so far as the bus companies are

concerned; it follows that it can have no jurisdiction of the case, and hence cannot entertain the action against the sureties. And, further, if the Court should assume jurisdiction as to the surety companies, it might develop during the trial of the case, that they would be entitled to have their principals joined as defendants in order to enable them to show their nonliability by some defense of the principals not available without their presence as parties; and in this event the trial Court would be powerless to give to the sureties that protection to which they would be entitled.

For the foregoing reasons, the order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.