14043

GARRETT ENGINEERING COMPANY v. AUBURN FOUNDRY, INC.

(179 S. E., 693)

60

*Messrs. Edward L. Craig* and *Lyles & Daniel,* for appellant,

*Messrs. Carlisle, Brown & Carlisle* and *Donald P. Sanders,* for respondent,

April 12, 1935.

The opinion of the Court was delivered by Mr. Justice Bonham.

The well-considered order of Judge Foster of the County Court, properly disposes of the question of jurisdiction made by the preliminary motion, which challenges the validity of the service of the summons and complaint, and also by the answer of the defendant, which denies the jurisdiction of the Court. There is evidence to sustain the findings and conclusions of the Court that the defendant was doing business in this State in the meaning of the language of the

Act of the General Assembly approved May 16, 1933 (38 St. at Large, p. 486). The order is affirmed. Let it be reported.

The only other question demanding attention is made by the exceptions which allege error, for that his Honor charged as follows: "The broker will be assumed to be the efficient and procuring cause if his intervention is the foundation upon which the negotiation in the sale is begun."

It is the established rule that an excerpt from a charge which is made the ground of an allegation of error must be considered in connection with the related parts of the charge. The trial Judge used the above-quoted extract in connection with the following language: "A broker or an agent employed to sell an article earns and is entitled to his commission, if during the continuance of his agency he procures a purchaser ready, able and willing to buy on the terms designated by the owner."

Then follows the language to which exception is made.

The rule in this jurisdiction upon questions of this nature was laid down in the case of *Goldsmith v. Coxe,* 80 S. C., 341, 61 S. E., 555, 557, and is thus stated by Mr. Justice Woods: "There are no cases in this state bearing on the question here presented. But the rule of reason which seems to be supported by practically all the authorities on the subject is that the broker is entitled to his commissions, if, during the continuance of his agency, he is the efficient or procuring cause of the sale, though the actual agreement for the sale is made by the owner without the aid of the broker; *and the broker will be regarded the procuring cause if his intervention is the foundation upon which the negotiation resulting in the sale is begun."* (Italics added.) (Citing authorities.)

This rule has been ever since this case followed in this jurisdiction, and was specifically affirmed in the case of *Charles v. West,* 155 S. C., 488, 152 S. E., 644. However, the charge complained of could have wrought no harm to

the defendant, even if erroneous. The gravamen of the plaintiff's complaint is that even after it had interested the Newberry Cotton Mills in the purchase of the apparatus, for the sale of which it was defendant's agent in certain territory in the State, and had secured Newberry Cotton Mills as a prospective purchaser, and was negotiating with it, "defendant thereupon, unknown to plaintiff, conceived and put into execution by means of its fraudulent acts and doings hereinafter set out the secret scheme and design to cheat and defraud plaintiff out of its rightful benefits resulting from its time and labor aforesaid, and out of the benefits and remuneration accruing to plaintiff from selling said stokers and installing same for said Newberry Cotton Mills."

There is in the complaint detailed allegations of alleged fraudulent acts, including the representation of defendant to plaintiff that it would send out its agent to assist in making the sale and installation of the machinery and would pay plaintiff 30 per cent. of the sales price, in lieu of its 35 per cent. under its written contract. The evidence is not set out in the record, but there are quoted extracts from it which show that the case was properly sent to the jury on the issues made. The jury was charged that plaintiff must prove its case by the preponderance of the evidence. The action was for breach of contract accompanied by fraudulent acts; the relief sought was damages, actual and punitive. In the light of the issues thus made, the charge complained of was harmless. See, also, *Lipe v. Ry. Co.*, 123 S. C., 515, 116 S. E., 101, 30 A. L. R., 248.

The judgment of the Court below is affirmed.

Mr. Chief Justice Stabler, Mr. Justice Carter and Messrs. Acting Associate Justices Wm. H. Grimball and G. B. Greene concur.