## SOUTH CAROLINA PUBLIC SERVICE AUTHORITY v. NEW YORK CASUALTY CO.

### Civil Action No. 1758.

District Court, E. D. South Carolina, Charleston Division.

Nov. 21, 1947.

W. D. Simpson, of Moncks Corner, S. C., Edgar A. Brown, of Barnwell, S. C., and Dennis & Dennis, of Moncks Corner, S. C., for plaintiff.

John I. C. Osgrove, of Charleston, S. C., and Thomas, Cain & Black, of Columbia, S. C., for defendant.

WARING, District Judge.

This action was commenced by plaintiff in the Court of Common Pleas for Berkeley County, South Carolina, and by appropriate action was removed to this court by the defendant. A motion to remand has been discussed and refused by an opinion filed in this cause today, D.C., 74 F.Supp. 831.

The defendant has filed its motion to dismiss in pursuance of Rule 12 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, on the ground that this court does not have jurisdiction of the subject matter and that the complaint fails to state a claim upon which relief can be granted. The gravamen of the motion is that the Wright Contracting Company has not been made a party defendant, and the defendant claims, first, that the court has no jurisdiction because of such company not being made a party, and second, that the court, in the exercise of its discretion, should dismiss the case because of the absence of such party.

The action is one based upon a surety bond. The complaint shows that the plaintiff called for bids for certain slope protection work upon the dams and dikes which it had heretofore erected and was maintaining. It is alleged that the Wright Contracting Company filed a bid and offer to enter into a contract with plaintiff to perform such work and furnished a bid bond executed by itself and the New York Casualty Company, the defendant in this cause. It is alleged that the bid of the Wright Contracting Company was accepted but that it failed and refused to enter into a contract, and this action is brought upon the breach of the terms of the bond. It is not claimed that the Wright Company is an "indispensable party," the allegations being throughout that it is a "necessary party." An examination of the complaint and the terms of the bid bond therein referred to shows that the Wright Company and the defendant surety company obligated themselves jointly and severally.

I am of the opinion that a surety company may be sued directly and alone in a matter of this kind. The whole theory and reason of requiring a bid bond is that if the principal fails to carry out the terms of the bid, the surety on the bond shall be responsible for any loss suffered

by the party calling for bids. The bond is given not only because the solvency and responsibility of the principal are not known, but because a bidder is often a non-resident or individual and not known to be available to enforce the terms of the bid, and therefore the person calling for bids demands that a surety company be not only financially responsible but subject to the jurisdiction of the courts within the state in case of default. The whole theory of giving such a bond is that the surety company is responsible and will answer for any default by its principal. Any matters as between these two parties are no concern of the third contracting party.

■ This case being one removed from a State Court by reason of diversity of citizenship is covered by the laws of South Carolina. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487. Section 407 of the Code of Laws of South Carolina 1942 is as follows:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes may all, *or any of them,* be included in the same action, *at the option of the plaintiff.*" (Emphasis added)

■ There are numerous state decisions allowing suits similar to the present one to be brought directly against the surety. In the hearing on behalf of the motion to dismiss, practically the whole argument is based upon Thompson v. Queen City Coach Company, 169 S.C. 231, 168 S.E. 693. In that case the Supreme Court of South Carolina held that the suit could not be maintained and the defendant here claims that this is a similar matter. But an examination of the Thompson case shows that the court found and held, first, that there was no joint and several obligation payable to the plaintiff (as there is in the instant case), and secondly, it was found that the court had no jurisdiction of the subject matter. The case was against three bus companies and the delict alleged as to one of them occurred outside the jurisdiction of the State of South Carolina and the subject matter was therefore not within the jurisdiction of the South Carolina Court. But in the instant case, the alleged delict occurred right here in South Carolina and the bid bond was given to protect the plaintiff against just what is said to have occurred, namely, a default by the principal. I do not find any obligation on this court to make the Wright Company a party either as a matter of law or in the discretion of the court.

Substantially the same questions arose in two cases in the Federal District Courts of South Carolina. In Cohen v. Maryland Casualty Company, D.C., 4 F.2d 564, the late Ernest F. Cochran, a distinguished Judge of this court, held that a surety could be sued directly. The opinion in that cause is quite full and enlightening. The same doctrine was followed in a short, able and succinct opinion by Judge C. C. Wyche in the Western District of South Carolina in McAlister v. Fidelity & Deposit Company, D.C., 37 F.Supp. 956.

The attorneys have cited numerous other cases but I think the law is well settled, and the rules of procedure are clear and distinct and this matter needs no further elaboration. An appropriate Order refusing the motion to dismiss will be entered.