19612

Ervin CLARK, by his Guardian ad Litem, Anna Belle Clark, Appellant,
v. BABBITT BROTHERS, INCORPORATED, Respondent.

(196 S. E. (2d) 120)

*Messrs. E. Graydon Shuford,* of Hanahan, and *C. D. Hopkins, Jr.,* of Charleston Heights, *for Appellant,*

*Joseph R. Young, Esq.,* of *Young, Clement & Rivers,* of Charleston, *for Respondent,*

April 17, 1973.

LEWIS, Justice:

This is an appeal from an order of the lower court setting aside the attempted service of a summons and complaint upon respondent, a nonresident corporation.

Appellant, a resident of South Carolina, brought this action against respondent, a Wisconsin Corporation, to recover damages sustained in a collision which occurred near Bowling Green, Kentucky, on November 17, 1968, between a vehicle driven by appellant and a truck owned and operated by respondent. Respondent, an interstate motor carrier, had done business in South Carolina prior to September 7, 1968, and had appointed Clarke W. McCants, Jr., Esquire, a resident of South Carolina, as its process agent, in compliance with 49 U. S. C. A. Section 321 (c). This section, a part of the Federal Motor Carrier Act, states:

"Every motor carrier . . . shall also file with the board of each State in which it operates and with the Interstate Commerce Commission a designation in writing of the name and post office address of a person in such State upon whom

process issued by or under the authority of any court having jurisdiction of the subject matter may be served in any proceeding at law or equity brought against such carrier."

This action was instituted in the Court of Common Pleas for Berkeley County, South Carolina, by the service on October 18, 1971 of a summons and complaint on the process agent of respondent, appointed pursuant to the foregoing statute.

Thereafter, respondent moved for an order dismissing the service of process upon it and denying jurisdiction of the court upon the grounds that respondent, a nonresident corporation, had not maintained an agent for the transaction of business, owned property, or transacted business in any manner in the State of South Carolina since September 7, 1968, about two months prior to the accident out of which this action arose; and that service of the summons and complaint on its process agent, designated under the Federal Statute while it was doing business in the State, was not effective to subject respondent to the jurisdiction of the courts of this State. The lower court granted the motion to dismiss the attempted service and plaintiff has appealed from the order so entered.

The motion to dismiss service of the summons and complaint was granted upon factual findings by the lower court that respondent, a Wisconsin Corporation, had not maintained an agent, owned property, or transacted business in the State of South Carolina since September 7, 1968. These findings are unchallenged in this appeal. It is undisputed that the present cause of action arose in the State of Kentucky after respondent ceased doing business in South Carolina and had no connection with any business transacted or operation by respondent in the State. There is also a total absence of any showing in this record that respondent has had any contact with the State of South Carolina since it ceased doing business in the State on September 7, 1968, which was prior to the accident in Kentucky out of which this action arose.

It is properly conceded that, under these circumstances, there is no method provided under the South Carolina statutes for service of process on respondent so as to bring it within the jurisdiction of the courts of this State. See: *Foster v. Morrison,* 226 S. C. 149, 84 S. E. (2d) 344.

The jurisdiction of the courts of this State over foreign corporations is, in the first instance, a question of State law. The Federal Motor Carrier Act (49 U. S. C. A. Section 321 (c), *supra*) cannot confer jurisdiction upon the State Court where the State has not provided for such jurisdiction. As stated in *Pulson v. American Rolling Mill Co.,* 1 Cir., 170 F. (2d) 193, 194:

"There is nothing to compel a state to exercise jurisdiction over a foreign corporation unless it chooses to do so, and the extent to which it so chooses is a matter for the law of the state as made by its legislature."

Since South Carolina has not provided for the service of process on respondent under the present facts, the lower court properly dismissed the service of process as ineffective to confer jurisdiction of the present cause of action on the Courts of this State.

Judgment affirmed.

Moss, C. J., and LITTLEJOHN, J., concur.

BUSSEY and BRAILSFORD, JJ., concur in result.

BRAILSFORD, Justice (concurring) :

The cause of action not having arisen in this State, and it being conceded that the defendant foreign corporation is not engaged in business here, affirmance is required by the decision of this Court in *Thompson v. Queen City Coach Co.,* 169 S. C. 231, 168 S. E. 693 (1933). In *Thompson,* the plaintiff was a resident of South Carolina, the defendant bus companies were foreign corporations not doing business in this State, and the cause of action arose without the State. The defendants demurred to the jurisdiction of the court over their persons and over the subject of the action. Reserv-

ing the question of whether the demurrer constituted a general appearance curing any deficiency in the service of process, it was held that the circuit court lacked jurisdiction of the subject matter. The court rejected plaintiff's reliance upon Section 826, Code of 1932 (Sec. 10-214, Code of 1962)[1] on the authority of *Lipe v. Carolina, C. & O. Ry. Co.*, 123 S. C. 515, 116 S. E. 101 (1923), and concluded:

"We can reach no other conclusion than that, in order for a circuit court of this state to have jurisdiction in a case against a foreign corporation where the cause of action arises without the state, it must be shown that the corporation is 'doing business' within the state. To hold otherwise would be inconsistent with the principles conceded and enunciated in the *Lipe* Case, which, we may add, is cited with approval in *Hodges v. Lake Summit Company*, 155 S. C. 436, 152 S. E. 658. This disposes of the matter in so far as the bus companies are concerned: it not being contended that they are 'doing business' in this state." 168 S. E. at 697.

While I have reservations about the soundness of the construction of the relevant statute in *Thompson,* I concur in the result on the strength of this binding precedent.

BUSSEY, J., concurs.

---

[1]Which provides that an action against a foreign corporation may be brought in the circuit court "by any resident of this State for any cause of action."