### 8569

#### GRANITE BRICK CO. v. TITUS.

SERVICE OF SUMMONS.—A NONRESIDENT attending the Federal Court sit-
ting in this State as a party and witness in a case there being tried is
exempt from service of summons and complaint in the Federal
courtroom.   State statutes and laws do not apply to such case.
*Brown* v. *Miller Lumber Co.,* 83 S. C. 221, *distinguished from this
case.*

Before ERNEST GARY, J., Richland, November, 1912.
Affirmed.

Motion to set aside service in Granite Brick Co. against
Edward H. Titus.   Plaintiff appeals.

*Messrs. Lyles & Lyles,* for appellant, cite: *Party may be served in civil action while attending Court:* Harp. 452; 4 McC. 152; 56 S. C. 56. *Service is within the exception for maliciously bringing the action being tried:* 25 L. R. A. 721.

*Messrs. B. L. Abney* and *Shand & Shand,* contra.

*Messrs. Shand & Shand* cite: *The statutes and laws of this State as to service of nonresident do not apply in this case:* 83 S. C. 224; 65 Am. St. R. 731 ;1 Wall. Jr. 169; 18 Fed. Cas. 1137; 19 Blatch 517; 170 Fed. 618; 173 Fed. 550; 87 N. Y. 570; 2 Stro. 1064; 8 T. R. 534; 2 Ves. & B. 373; 9 Ann. Cas. 833; 11 Ann. Cas. 1144.

June 6, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an appeal from an order of Judge Ernest Gary, setting aside the service of a summons on the defendant. The defendant was and is a nonresident of this State, and came into this State for the sole purpose of attending a trial in the United States Court, as a party and witness. The summons was served in the Federal Court, while his case was on trial and a witness was on the stand.

The appellant frankly admitted, unless this Court would overrule the case of *Breon* v. *Miller Lumber Company,* 83 S. C. 221, he has no case. This Court would not overrule that case, even if it were germain to this issue, but it is not. Whatever may be the right of the legislative department to hinder the due administration of justice in the Courts of this State by the service of a summons merely, and thereby distract the attention of parties and witnesses from the cause then being tried, we can not so construe the act as to hold that it applied to a Court over which the legislature of this State has no jurisdiction. This doctrine is not new. When the Stamp Act was passed by the Fed-

eral government and it was provided that an unstamped contract should not be received as evidence in "any Court," it was held that "any Court" meant any Federal Court. The reason was that inasmuch as the Federal government had no right to prescribe rules of evidence for the State Courts, "any Court" meant any Federal Court. The converse is equally true and when the State statute says "any Court," it must be taken to mean "any State Court." The appellant relies upon the State statute for the right to make this service of process upon the defendant. At common law it was not allowed and inasmuch as we have held that it does not apply, the other exceptions do not arise.

The judgment of the Circuit Court is affirmed.