10226

## CALHOUN MILLS v. BLACK DIAMOND COLLIERIES.

(99 S. E. 821.)

CORPORATIONS— FOREIGN  CORPORATIONS— PROCESS— CORPORATE  AGENT.— Under Code Proc., sec. 184, subd. 1, par. 2, authorizing service on a foreign corporation only where made in the State personally on any agent thereof, a foreign coal corporation whose selling agent within the State is another foreign corporation may be served by serving the vice president of the selling agent personally, since that is personal service on the agent.

Before DeVore, J., Abbeville, Fall term, 1918. Affirmed.

Action by the Calhoun Mills against the Black Diamond Collieries. From an order refusing defendant's motion to vacate the services of process on defendant, defendant appeals.

*Messrs. Lyles, Daniel & Drummond,* for appellant, submit: *That while the Court sustained the service, the provision that defendant be allowed 12 days in which to answer was proper:* 93 S. C. 103, 115. *"Authority to an attorney to appear specially for the sole purpose of objecting to the jurisdiction of the Court does not authorize him to enter a general appearance:"* 2 R. C. L., p. 326. *When the first step taken is to object to the jurisdiction, the objection is not waived, when, the objection being overruled, defendant is compelled to answer or be adjudged in default:* 2 R. C. L., p. 339. *The strongest case against our contention is 94 S. C. 55. A foreign resident, served while in this State in attendance as a witness, is immune from service of process:* 83 S. C. 221; 95 S. C. 49.

*Mr. Wm. P. Greene,* for respondent, submits: *Service regular under statute:* 61 S. C. 361; Code of Procedure sec. 184, subd. 1. *Defendant appeared generally:* 94 S. C. 58; 3 Cyc. 507-8.

July 14, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal by the defendant is from an order of the Circuit Court which refused the defendant's motion to vacate an alleged service of process on the defendant. The defendant is a Tennessee corporation mining coal in that State, with its principal office at Knoxville in that State.

The plaintiff is a corporation of South Carolina, in Abbeville county.

The action is for damages for the alleged breach of contract by the defendant to sell coal to the plaintiff.

Process was served on E. P. Avent at Spartanburg, and he is vice president of the Bewley-Dorst Coal Company, and that company is a Tennessee corporation and the selling agent in South Carolina of the defendant, and to that end maintains an office at Spartanburg.

The service was had pursuant to section 184, subdiv. 1, par. 2, of the Code of Procedure, to wit:

"Such service can be made in respect to a foreign corporation *only* * * * where such shall be made in this State *personally* upon * * * any agent thereof."

The italics are those of the appellant's brief.

The foundation of a Court's jurisdiction to try any person's rights resided in primitive society in the physical power of the Court to lay hands on the person and hold him, and that was only possible in the Court's territory.

The feudal lord first exercised that power, and when Courts were established the power was transferred to them. Walker's Theory of Common Law, p. 81.

If the person resides within the Court's territory, the procedure is simple; it becomes only complicated when the residence is without the territory.

The defendant in the instant case is a corporation and doing business in this State by the hands of the Bewley-Dorst Coal Company.

When the defendant sends an agent into the State to do its business, the statute declares that the State may take hold of the agent to answer for the delicts of the principal. See note 70 L. R. A. 513.

It was admitted at the bar that, had the agent of the defendant at Spartanburg been a natural person, then service upon him would have been effectual.

But say counsel:

"The language of this section excludes the idea that constructive service on an agent will suffice. It limits it to service upon 'any agent thereof,' and the meaning cannot be extended to include 'any agent of any agent thereof.'"

That is equivalent to saying that a corporation may not be agent of another corporation for the instant purposes. No authority has been cited to that end, and *Newcomb v. N. Y. Cent.*, 182 Mo. 687, 81 S. W. 1069, is directly to the contrary and decides the very point in issue.

Personal service was made on Avent, and he was the incarnation of the Bewley-Dorst Company; that company was therefore "personally served," and there is no denial that it was agent for the defendant.

If the appellant's contention is sound, then a foreign corporation coming into the jurisdiction to sell its products here through a man on the ground, and liable to be served with process if its man can be found, might avoid the processes of this State by incorporation of the man on the ground. A wise jurisprudence would not tolerate such circumvention.

The other issues are not now necessary to be decided.

The order of the Circuit Court is affirmed.