## 11777

### IDEAL THEATRE v. SOUTHERN ENTERPRISES, Inc.

(128 S. E., 166)

CORPORATIONS—EVIDENCE HELD TO SUSTAIN FINDING CORPORATION WAS DOING BUSINESS IN STATE, AND THAT SERVICE WAS MADE ON ITS AGENT.—Evidence showing nonresident corporation's control through stock ownership of resident corporation operating theater, and manner in which it conducted business at that theater, *held* to sustain finding that it was doing business within State, and that one on whom process was served was its agent.

Before WHALEY, J., Richland, January, 1924. Affirmed.

Action by Ideal Theater against Southern Enterprises, Inc. From an order denying a motion to quash summons and set aside attempted service of summons and complaint, defendant appeals.

The evidence in this case fairly tends to show that the Southern Enterprises, Inc., a Delaware corporation, controls, through stock ownership, the Palmetto Company, which operates the Imperial Theater in the City of Columbia in competition to plaintiff, and that defendant in like manner controlled a chain of theaters for which it made all bookings.

Under the head of policy paragraphs, the Imperial Theater exhibited a trailer to the effect that it was under the supervision of the Southern Enterprises, Inc., and that complaint or suggestions by patrons would be gratefully received. Season passes issued to the Imperial Theater were issued on stationery of Southern Enterprises, Inc., and countersigned by its district manager, and at one time a film loaned by plaintiff to Imperial Theater was paid for by checks from Southern Enterprises, Inc.

C. W. Irving, on whom the service complained of was made, was manager of the Imperial Theater in the immediate employ of Palmetto Theater Company.

*Messrs. A. S. Barnard* and *Douglas McKay,* for appellant, cite: *Prerequisites to personal judgment:* 95 U. S., 714;

24 L. Ed., 565; 156 U. S., 518; 39 L. Ed., 517. *As against foreign corporation:* 106 U. S., 350; 27 L. Ed., 222. *Valid service of process on foreign corporation:* Code of Civil Procedure, 1912, Sec. 184; 205 U. S., 364; 51 L. Ed., 381. *Character of agency justifying service of process:* 156 S. E., 171; 176 (Ga.); 73 S. C., 526; 53 S. E., 991; 39 S. C., 484; 18 S. E., 120; 63 S. C., 104; 41 S. E., 20; 276 Fed., 590; 237 U. S., 189; 59 L. Ed., 910. *Ownership of stock in local corporation:* 246 U. S., 79; 62 L. Ed., 587; 205 U. S., 364; 51 L. Ed., 381. *Nature of business of foreign corporation within State:* 227 U. S., 218; 57 L. Ed., 486; 243 U. S., 264; 61 L. Ed., 710.

*Messrs. C. T. Graydon* and *Cooper & Winter,* for respondent.

June 1, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The statement in the case is:

"This is an appeal from an order of Hon. M. S. Whaley, Judge of the County Court for Richland County, overruling a motion of the appellant, who appeared specially, solely to object to the jurisdiction of the Court, and who moved for an order quashing the summons and setting aside the attempted service of summons and complaint. Similar orders were entered and duly appealed from in four distinct cases against the same defendant, but since these cases involved the same questions, under stipulation of counsel, it is agreed that one appeal should determine all four cases. From the order filed herein on January 9, 1924, appellant duly served notice of intention to appeal."

The presiding Judge made the following order:

"This matter came before me on motion to quash and set aside the service of the summons and complaint. After hearing the evidence on both sides, and after argument by counsel pro and con, it is ordered that the motion to quash and set aside the service of the summons and complaint in

the above-entitled matter be and the same is hereby refused."

There is one exception, to wit:

"(1) His Honor erred in refusing to quash the summons and set aside the attempted service thereof, for that it appears that the defendant, Southern Enterprises, Inc., is a corporation of the State of Delaware, is not transacting business, and has no property in the State of South Carolina, and that the person upon whom personal service of summons was attempted to be made was not at the time of said attempted service, is not now, and never has been the president, cashier, treasurer, attorney, or secretary of said company, or an agent of said company, and the order of his Honor holding said attempted service to be a valid service on Southern Enterprises, Inc., violates and is in contravention of the Fourteenth Amendment to the Constitution of the United States, and of Section 5, Article 1, of the Constitution of the State of South Carolina, 1895, in that it deprives the defendant of its property without due process of law, and denies to it the equal protection of the law."

There are two questions: Was the petitioner doing business in this State? Was Irving, upon whom service was made, the agent of the petitioner? Both questions were decided against the petitioner. There was abundant evidence to sustain the finding of the trial Judge on both questions, and the appeal is dismissed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES COTHRAN and MARION concur.

MR. JUSTICE COTHRAN: I concur. There was evidence tending to show that the defendant was a large stockholder in the Palmetto Company which operated the Imperial Theater; that the Imperial Theater was under the supervision of the defendant to whom the patrons were invited to make complaint; and that passes were issued by the defendant for admission to the Imperial Theater. I think that these facts justified the trial Judge in holding that the defendant was doing business in this State.