13557

STATE *EX REL.* DANIEL, ATTY. GEN., *ET AL.,* v. BROAD
RIVER POWER CO. *ET AL.*

(167 S. E., 644)

*Messrs. John M. Daniel, Attorney General, Irvine F.
Belser, P. A. Cooper, C. T. Graydon* and *A. F. Woods,* for
petitioners,

*Messrs. J. B. S. Lyles* and *Elliott, McLain, Wardlaw & Elliott,* for respondents, Associated Gas & Electric Co. and General Gas & Electric Corp.,

January 16, 1933.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

·The General Assembly of this State by an Act approved in 1932 (37 St. at Large, page 1497) vested the Railroad Commission with power to investigate and fix rates for public utilities. To this end numerous hearings were had in Columbia, special attorneys and experts were employed, and volumes of testimony taken and transcribed by stenographers. The expenses attendant upon these hearings must be enormous, but they were considered justifiable as necessary to the ultimate benefit of the public at large.

The Broad River Power Company, a South Carolina corporation, furnishes electrical current in and near Columbia and its rates were being investigated by the Railroad

Commission. In simple language, the object of the commission was to fix such rates as would pay the company a reasonable return on its invested capital. The company claims that its property is worth some fifteen or twenty million dollars, and the commission places a valuation upon same of not more than five million dollars. With this vast difference as to value before it, the commission undertook to obtain information as to the cost of the property. It cannot be said that cost is equivalent to value, but it is sometimes a good indication. At any rate, the commission wanted to know the original cost of the property and went at obtaining this information in the following manner:

The Columbia Railway, Gas & Electric Company, a South Carolina corporation, had long been in existence, the control of the stock being held by E. W. Robertson, Parsons, and others. An option to purchase control of this company was given to General Finance Company, which in turn assigned the option to General Gas & Electric Corporation, and the purchase of control, was perfected by the latter corporation. Broad River Power Company was then in existence and General Gas & Electric Corporation transferred its stock in Columbia Railway, Gas & Electric Company to Broad River Power Company in exchange for Broad River Power Company stock in like amount. The Railroad Commission in September and also in October, 1932, called upon Broad River Power Company to produce the contract or option by which General Gas & Electric Corporation acquired the control of Columbia Railway, Gas & Electric Company, and the price paid for same. This information was sought by the Railroad Commission for the purpose of getting an idea of the value of the stock of Columbia Railway, Gas & Electric Company, in 1924, and, General Gas & Electric Corporation having exchanged that stock for a like amount of stock in Broad River Power Company, an idea of the value of Broad River Power Company would be thereby obtained. Not being able to secure this informa-

tion from the local officers of Broad River Power Company, the commission summoned R. D. Jennison, a resident of New York City, who is the president of Broad River Power Company, to attend a meeting of the commission as a witness. Obedient to this summons, Jennison appeared, and, when he was asked for the option or contract, stated that he did not have it and did not know the price set forth therein. Jennison was then a director of General Gas & Electric Corporation as well as the president and a director of Broad River Power Company. He testified that General Gas & Electric Corporation had refused to give him this information and had refused to divulge it to Broad River Power Company, and to the Railroad Commission upon the ground that the same was "confidential."

While Jennison was in attendance upon this hearing as a witness, the Railroad Commission filed its petition with this Court praying that a rule be issued against Jennison, as president, and other officers of Broad River Power Company, requiring them to show cause why the information desired should not be furnished. The commission thereupon obtained from this Court a rule to show cause as prayed for in the petition. The rule was addressed to the following respondents: Broad River Power Company, R. D. Jennison, its president, N. H. Coit, its vice-president and general manager, J. M. Costello, its treasurer, General Gas & Electric Corporation, Associated Gas & Electric Company, and Associated Gas & Electric Corporation.

Service was made upon the respondents according to a statement furnished at the hearing as follows:

"R. D. Jennison as president Broad River Power Company, as director General Gas & Electric Corporation, and as director Utility Management Corporation.

"N. H. Coit as general manager of Broad River Power Company.

"J. M. Costello, treasurer, Broad River Power Company."

It is stated that the salaries of the last two were paid by Utility Management Corporation. It will thus be seen that this statement fails to show service upon any one as representing Associated Gas & Electric Company or Associated Gas & Electric Corporation.

Two copies of the order were served upon Jennison, he being president of Broad River Power Company and a director of General Gas & Electric Corporation. It appears from the record that Jennison is a director of Utility Management Corporation which, however, is not a party to this proceeding.

The special appearance of Associated Gas & Electric Company, and Associated Gas & Electric Corporation for the purpose of moving the Court to dismiss the service as to them need not be further considered for the reason that service of the order upon them is not shown to have been made in any legal manner; Jennison not being a director or officer of either corporation. In addition to this it is conceded that no service was made upon Associated Gas & Electric Corporation.

Broad River Power Company, Coit, and Costello made return to the rule and alleged that the information desired is not in their possession and that they have no knowledge of same. That the information desired is in the possession and control of General Gas & Electric Corporation which is a foreign corporation, has no officers or agents in this State, and does no business within the State.

General Gas & Electric Corporation moves the Court to dismiss the rule as to it upon the ground that being a foreign corporation with no officers or agents within the State and doing no business within the State, that the Court is without jurisdiction as to it. It also moves that service upon Jennison be dismissed for the reason that he, a non-resident was within the borders of the State in obedience to a summons of the Railroad Commission as a witness and is, therefore, immune from such service.

The sole question before this Court is as to the validity of the service upon General Gas & Electric Corporation through Jennison, one of its directors. The statement of service, above referred to, shows that Jennison was served as President of Broad River Power Company, and as a director of General Gas & Electric Corporation and as director of Utility Management Corporation; the last named not being a party service was, of course, of no consequence.

Reverting to the sole question before the Court, we will consider the motion to dismiss the service as to General Gas & Electric Corporation. As before stated, this motion is made upon two grounds: First, lack of jurisdiction on the part of the Court, and, second, the immunity of Jennison from service while being a witness.

The first question involved in this motion has been most elaborately presented by briefs of the attorneys. It is apparent, however, that should the motion be granted upon the second ground, a consideration of the first ground would be academic, and, while it has been most ably presented, the Court feels that a decision upon the motion may be reached without consideration of that ground. We will, therefore, address ourselves to a consideration of the second ground as above stated.

When Jennison was summoned by the commission to appear and testify, it is shown by the petition herein that he was summoned as president of Broad River Power Company, and not as a director of General Gas & Electric Corporation. He was the spokesman for the company of which he was the president. During the time of his presence in this State to testify in obedience to a legal summons he was served with process as a director of a foreign corporation to show cause why the foreign corporation should not furnish certain information which he himself did not have and which had been denied him by the officers thereof. As a matter of fact, as shown by the record, the order and rule to show cause were presented to the Chief Justice of this

Court in such form as to be objectionable to him and he refused to sign it. A new order was prepared in his office and signed. And it may not be out of place to say that the petition, upon which the amended order was based, did not seek a rule to show cause against any one of the three foreign corporations referred to in the order, but only against Broad River Power Company and its officers.

The question of immunity from service must be decided by resort to our own decisions, if possible, no federal question being involved. While some of them will be cited it seems hardly necessary to do so in the light of the admission made in the brief of the attorneys for the petitioners as follows: "We cheerfully concede the general principle that a witness in attendance upon Court is exempt from service of process in any other proceeding."

The words "any other" are heavily underscored in the brief.

So then, if this be "any other" proceeding the exemption may be claimed as "cheerfully conceded."

The verified petition upon which the order was based sets forth in paragraph 2 that orders of the commission, dated September 6, 1932, and October 1, 1932, were issued to Broad River Power Company and its executive officers to furnish the desired information. Acting upon said orders, Jennison, the president of Broad River Power Company, came from New York City to testify as president. While here, he was handed a copy of the rule to show cause by a deputy sheriff in an entirely different proceeding. He was present under an order of the Railroad Commission, as president of Broad River Power Company, but he was ordered to remain and to show cause under penalty of contempt as a director of General Gas & Electric Corporation by the Supreme Court. And yet the petition prayed for no rule against him as such director and no rule against the corporation of which he was a director. In fact, the petition prayed for a rule against Broad River Power Company, and

its officers only. If any rule existed against him as a director, it was not in response to the petition, and, if valid, it was certainly "another proceeding" and not the one in which he was ordered to appear and testify as president of Broad River Power Company. The object to be attained certainly does not render two separate and distinct proceedings the same. Nor can an order by the Railroad Commission to appear and testify be considered the same as an order from the Supreme Court, although the object of both orders be directed to the same end.

Here then we have a non-resident witness called before the Railroad Commission to testify as president of a certain corporation as to facts supposed to be within his knowledge. It develops that he has not the desired information, but that the information is known by another corporation of which he is a director, which corporation is foreign to this State and has no officers or agents herein. While present for the purpose of testifying, as ordered, he is served with papers in an entirely new proceeding, which proceeding may or may not be applicable to the corporation of which he is a director. Under these circumstances, he claims to be exempt from such service.

The following cases sustain his claim: *Breon v. Miller Lumber Co.*, 83 S. C., 221, 65 S. E., 214, 24 L. R. A. (N. S.), 276, 137 Am. St. Rep., 803, and cases therein cited, especially the note in 25 L. R. A., 721; *Granite Brick Co. v. Titus*, 95 S. C., 47, 78 S. E., 540; *Williams v. Hatcher*, 95 S. C., 49, 78 S. E., 615; *Durst v. Tautges, Wilder & McDonald* (C. C. A.), 44 F. (2d), 507, 71 A. L. R., 1394.

It is the judgment of this Court that the motions to dismiss the service as to General Gas & Electric Corporation and Associated Gas & Electric Company be, and the same are hereby, granted, it being conceded that no service was made upon Associated Gas & Electric Corporation.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Bonham concur.

Mr. Justice Carter concurs in result.

## Order Refusing Petition For Rehearing

*Per curiam.*

The main point in this appeal was by no means misconceived by the Court, as alleged by the attorney for the petitioners, nor was the appeal decided upon a "side issue." No grounds argued in good faith in this Court are considered side issues.

The affidavits of service were prepared by the attorney for the petitioners and were admittedly not within the knowledge of the deponents, hence, they were practically disregarded by the Court. the attorney for petitioners then furnished the Court with a statement of service showing that Jennison was served as president of Broad River Power Company and as a director of General Gas & Electric Corporation, but that Coit and Costello were served only as officers of Broad River Power Company.

The petition for a rehearing claims, *inter alia,* that the Court should have considered the service upon Coit and Costello as good upon the other corporations, for the reason that these men were employed by Broad River Power Company which was a subsidiary of one or more of the other corporations. The agreed statement of service does not so show. Jennison, being the only one served who was a director of General Gas & Electric Corporation or in any manner connected therewith, the Court rightly considered the question of service as to him alone insofar as General Gas & Electric Corporation was concerned.

Petition refused.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Bonham and Mr. Acting Associate Justice W. C. Cothran concur.

Mr. Justice Carter (dissenting) :

For the reasons set forth in the petition for a rehearing in this case, and the authorities cited therein, I think the petition should be granted and a rehearing ordered. I call special attention to the contention of petitioners that service was acquired upon the General Gas & Electric Corporation by service upon Coit and Costello, officers, agents, and employees of the Broad River Power Company, a corporation authorized to do business in this State, and an alleged agent of the General Gas & Electric Corporation. In this connection, and as supporting petitioners' contention, attention is called to the following cases: *Ideal Theatre v. Southern Enterprises, Inc.,* 132 S. C., 352, 128 S. E., 166; *Calhoun Mills v. Black D. Collieries,* 112 S. C., 332, 99 S. E., 821; *Brabham v. Southern Express Company,* 124 S. C., 157, 159, 117 S. E., 368.