13875

DOUGLAS v. FRIGIDAIRE SALES CORPORATION

(174 S. E., 906)

*Mr. W. Stokes Houck,* for appellant,

*Mr. Preston B. Thames,* for respondent,

June 14, 1934.

The opinion of the Court was delivered by Mr. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

It appears from the complaint herein that in May, 1928, plaintiff purchased a frigidaire from a so-called "authorized dealer and agent of the defendant" in the City of Florence and was grievously disappointed in her purchase. After much inconvenience, expense, loss of food, etc., she brought suit against the defendant, in September, 1933, for damages in the sum of $1,000.00. Service of the summons and complaint was made upon one, DeLeon Finklea, designated in the proof of service as the agent of the defendant. Finklea lived in Florence and his corporation, Household Appliance Company, dealt in frigidaires.

The defendant entered a special appearance solely for the purpose of making a motion to dismiss the service, alleging that it did no business in South Carolina nor did it have an agent therein. The motion was made upon an affidavit of the credit manager of the Atlanta office of the defendant in which he avers upon oath that the defendant has done no business in this State for the past three years and has never had an agent or representative in the City of Florence. He further swears that for the past two and a half years the defendant has sold for cash frigidaires and other electrical equipment to Household Appliance Company of Florence, but that said company is not, and has never been, its agent or representative in any sense whatsoever.

To this notice the plaintiff made return, setting forth certain correspondence between the attorney for the plaintiff and the defendant relative to the claims and demands of the plaintiff. In this correspondence the defendant spoke of "its dealer" in Florence, referring to Household Appliance Company. This is the principal ground upon which agency is claimed.

The Judge of the County Court before whom the motion to dismiss was made held that the evidence before him was sufficient to show that the defendant was doing business in this State and that Finklea and the Household Appliance Company were both agents of the defendant. He, therefore, sustained the service and from his order, this appeal is taken

Whether or not one is the agent of another, is a question of fact and if the question should arise in a law case, this Court is bound by the fact as found by the lower Court unless wholly unsupported by evidence. The very recent case of *State v. Rawleigh Co.* (S. C.), 174 S. E., 385, filed after the briefs of counsel in this appeal were prepared is the latest utterance of this Court on the subject. The decree of Judge Oxner in that case, which was affirmed, should be read in connection with the opinion.

We have no hesitancy in saying that if this suit had been brought against the defendant for doing business in this State without being domesticated and that service had been made upon Finklea, then, upon the showing made in this case which, in our opinion, is weaker than that in the *Rawleigh case,* the service must have been dismissed. This conclusion is reached only after a most careful examination of the record and we are forced to hold that the finding of fact by the Judge of the County Court is wholly without evidence to sustain it.

The order of the lower Court is, therefore, reversed and the service dismissed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.