141210

HARRELL v. SEARS, ROEBUCK & CO.

(183 S. E., 303)

*Messrs. Benet, Shand & McGowan,* for appellant,

*Messrs. Cooper & Maher,* for respondent,

January 16, 1936.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

On October 22, 1934, respondent undertook to commence his action in tort against Sears, Roebuck & Co.; the second paragraph of the complaint being as follows: "2. That the defendant is a large and very wealthy firm or corporation organized and existing under and by virtue of the laws

of one of the states of the United States, and said defendant owns and operates thousands of chain stores throughout this country and elsewhere and is worth many millions of dollars; that one of the aforesaid chain stores is located in Richland County, South Carolina, and said defendant carries on business in the City of Columbia in the said county and State; and that another one of the aforesaid chain stores is owned and operated by said defendant in the City of Atlanta, Georgia."

The wrong complained of is alleged to have been committed by the Atlanta, Ga., branch store of Sears, Roebuck & Co., its agent, servant, and employee, and in Atlanta, Ga.

The summons and complaint in the action were served on P. J. Aylward, manager of the Sears, Roebuck & Co. store, located in Columbia, S. C.

In due time, appellant appeared for the special purpose of objection to the jurisdiction of the Court, and to set aside the attempted service of the summons and complaint on the ground that there was no legal connection whatever between the Atlanta store and the Columbia store, and consequently neither P. J. Aylward nor Sears, Roebuck & Co., Columbia S. C., was an agent of Sears, Roebuck & Co. of Atlanta, Ga.

Hon. A. W. Holman, Judge of the Richland County Court, overruled appellant's motion and held in effect that service upon P. J. Aylward, manager of the Sears, Roebuck & Co's. store, located in Columbia, S. C., was a good service.

The respondent, by his argument, makes the point that, the determination of the issues in this case by the County Judge being a finding of fact, such determination is not reviewable by this Court if there is any evidence to sustain the findings.

Now we are cognizant that it is a well-settled precept in this state that the determination of issues of law and fact by the lower Court in law cases is not reviewable by this Court, unless such findings are absolutely

unsupported by the evidence. However, it is also well established by the former decisions of this Court that, if such conclusions are not supported by the evidence or·clearly influenced or controlled by error of law, this Court has the power to review such findings.

In the case of *State v. W. T. Rawleigh Co.,* 172 S. C., 415, 174 S. E., 385, 393, Mr. Justice Stabler, as the voice of this Court, said: "The point is made by the respondent that the result of the determination of the issues by the Circuit Judge being a finding of fact, is not subject to review by this Court in a law case, unless wholly unsupported by evidence. The position is sustained by our decisions. In *Lipe v. Carolina, Clinchfield & Ohio Railway Company,* 123 S. C., 515, 116 S. E., 101, 30 A. L. R., 248, the Court held as follows: 'A conclusion as to either of the points indicated (similar to the questions presented here) necessarily involves the determination of a question of mixed law and fact, but the result of such determination by the Circuit Judge is essentially a finding of fact which this Court has no power to review, unless wholly unsupported by evidence or manifestly influenced or controlled by error of law.' Citing cases. See, also, *Bass v. American Products Export & Import Corporation,* 124 S. C., 346, 117 S. E., 594, 30 A. L. R., 168, *Singletary v. Humphrey-Coker Seed Company,* 145 S. C., 539, 143 S. E., 269, and *State v. Connecticut General Life Insurance Company,* 168 S. C., 516, 167 S. E., 833."

And in *March v. Union Trust Co.,* 175 S. C., 291, 179 S. E., 34, 36, it is said: "It is the settled rule of this Court that, if the Circuit Court finds, as matter of fact, that the foreign corporation is doing business in this state, and that the person served is the agent of the corporation sued, such finding is binding on this Court, *unless there is no evidence to support such finding,* [Italics added.] The question then becomes one of law. *Lipe v. Carolina, C. & O. R. Co.,* 123 S. C., 515, 522, 116 S. E., 101, 30 A. L. R., 248; *Pollock*

*v. Carolina Interstate B. & L. Ass'n,* 48 S. C., 65, 73, 25 S. E., 977, 59 Am. St. Rep., 695; *Bass v. American Products Exp. & Imp. Corp.,* 124 S. C., 346, 117 S. E., 594, 30 A. L. R., 168; *Abbeville Elec. L. & P. Co. v. Western Elec. Supply Co.,* 61 S. C., 361, 39 S. E., 559, 55 L. R. A., 146, 85 Am. St. Rep., 890; *Jenkins v. Penn Bridge Co.,* 73 S. C., 526, 528, 53 S. E., 991; *McSwain v. Adams Grain & Provision Co.,* 93 S. C., 103, 76 S. E., 117, Ann. Cas., 1914-D, 981."

We have carefully examined the evidence in the case at bar, which consists of several affidavits and the testimony of P. J. Aylward. The motion to set aside the service of the summons and complaint is based upon the pleadings and the submitted affidavits.

The affidavit of E. J. Pollock states that he is vice-president of Sears, Roebuck & Co.; that the store in Columbia, S. C., is a corporation organized and doing business under the laws of the State of South Carolina, and P. J. Aylward is manager of said store; that the corporation never has at any time operated or had any legal affiliation whatever with a business operated in the City of Atlanta, Ga., under the name of Sears, Roebuck & Co.

. The affidavit of E. H. Powell states that he is secretary and treasurer of Sears, Roebuck & Co., incorporated under the laws of New York; that the Sears, Roebuck & Co. store operated in Atlanta, Ga., has been and is now owned and operated by Sears, Roebuck & Co., a corporation existing under and by virtue of the laws of the State of New York; that P. J. Aylward is neither an agent nor an officer of Sears, Roebuck & Co., incorporated under the laws of the State of New York.

The affidavit of P. J. Aylward states that the Sears, Roebuck & Co. store in Columbia, S. C., is a corporation organized and existing under the laws of the State of South Carolina; that the summons and complaint in this case were served on him; that Sears, Roebuck & Co. in the

City of Columbia, S. C., never has at any time operated a business in Atlanta, Ga.; that he is neither an agent nor an officer of Sears, Roebuck & Co., incorporated under the laws of the State of New York.

P. J. Aylward's testimony at the hearing of the motion establishes that he was sent to Columbia by the Chicago office; that his store is controlled by the Chicago office; that from time to time he had ordered merchandise from the Atlanta mail order store, but that the Columbia store always paid for same; that he is required to transmit all profits to Sears, Roebuck & Co. in Chicago, an Illinois corporation.

The determination of this case revolves around the question whether or not a corporation organized and existing under the laws of another state can be bound by the service of a summons and complaint on an agent of a corporation, organized and existing under the laws of the State of South Carolina and having no legal affiliation whatever with the corporation organized under the laws of such other state.

The record clearly shows that Sears, Roebuck & Co. of Atlanta, Ga., is a part of Sears, Roebuck & Co., a corporation organized and existing under the laws of the State of New York; that the Sears, Roebuck & Co. store of Columbia, S. C., has no legal connection with either the Atlanta store or the New York corporation, but is a corporation existing under the laws of this state, receives instructions from and transmits its profits to Sears, Roebuck & Co., a corporation under the laws of the State of Illinois. It is admitted that the Columbia store orders merchandise from Sears, Roebuck & Co. of Atlanta, Ga., but such merchandise is paid for by the Columbia store as any other purchaser would pay.

Section 434 of the Code of Laws 1932, subd. (1), prescribes how and when service can be made in cases such as the case at bar, which is as follows:

"(1) If the suit be against a corporation, to the president or other head of the corporation, secretary, cashier, treas-

488

urer, a director or agent thereof. Service upon any person occupying an office or room in any railway station, and attending to and transacting therein any business of any railroad, shall be deemed service upon the corporation under the charter of which such railroad is authorized by law; and such person shall be deemed the agent of said corporation, notwithstanding he may claim to be the agent of any other person or corporation claiming to operate said railroad by virtue of any lease, contract or agreement.

"Such service can be made in respect to a foreign corporation only when it has property within the State, or the cause of action arose therein, or where such service shall be made in this State personally upon the president, cashier, treasurer, attorney or secretary, or any agent thereof."

It has not been shown that Sears, Roebuck & Co., a corporation organized and existing under the laws of New York State and operating Sears, Roebuck & Co. of Atlanta, Ga., has any property within this state, and, by the complaint of respondent, it is manifest that the cause of action did not arise in this state. Therefore the only question is whether there is any agent of the New York or Georgia corporation in this state upon whom service could have been made, or, to be more exact, was Columbia Sears, Roebuck & Co. store the agent of the Atlanta Sears, Roebuck & Co., or was the Atlanta Sears, Roebuck & Co. doing business within this state through the Columbia Sears, Roebuck & Co.

In the case of *Ideal Theatre v. Southern Enterprises, Inc.,* 132 S. C., 352, 128 S. E., 166, it is held that evidence showing that a non-resident corporation's control through stock ownership and the manner in which the business of the theater was conducted was sufficient to sustain the finding that it was doing business in this state, and that service could be made on any agent connected with the theater, but in the case at bar, all evidence before the Court tended to show that the New York or Georgia corporation did not control the stock of the South Carolina corporation, and

that the New York-Georgia corporation was not controlled by the Illinois corporation; therefore it cannot be said that such was a fact unless we wander into the sea of conjecture and surmise.

Although the Sears, Roebuck & Co. store of Columbia, S. C., a corporation organized and existing under the laws of this state, did from time to time order merchandise from the Atlanta store, a corporation which the evidence distinctly shows to be a part of Sears, Roebuck & Co., a corporation organized and existing under the laws of New York State, this is not sufficient to establish the relation of agency between the corporations, in view of the fact that the said merchandise was paid for by the South Carolina corporation as any other purchaser might be required to pay. See *Douglas v. Frigidaire Sales Corporation,* 173 S. C., 66, 174 S. E., 906.

Apparently the lower Court has overlooked the vital fact that this action is not brought against Sears, Roebuck & Co., a corporation organized and existing under the laws of the State of Illinois, with which the Columbia store is admittedly affiliated, for the purpose of redressing a delict committed by it or its agents, but is brought for the purpose of recovering damages for a tort committed by the employees of a branch store of Sears, Roebuck & Co., a corporation organized and existing under the laws of the State of New York, and with which the Columbia store has no legal connection.

It would serve no purpose to discuss in this opinion the various cases cited by respondent, of which some are relied upon by appellant, in view of the full discussion of the question involved had in the cases of *State v. W. T. Rawleigh Co., supra,* and *Forbes v. Kingan & Co.,* 174 S. C., 24, 176 S. E., 880, and other cases heretofore decided by this Court. There is no conflict in the law. The difficulty arises in the application of the law to the facts, and therefore the decision of each case is dependent upon its own particular facts.

We have found it necessary to go rather fully into the facts, and are constrained to hold that there is no evidence to support the finding of the trial Judge.

Therefore it is the judgment of this Court that the order appealed from be reversed, and the service of the summons set aside.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.