15545

COKER v. SINCLAIR REFINING COMPANY

(25 S. E. (2d), 894)

December, 1942.

*Messrs. Mozingo & Watts,* of Darlington, S. C., Counsel for Appellant,

*Messrs. Willcox, Hardee, Houck & Wallace,* of Florence, S. C., Counsel for Respondent,

May 27, 1943.

MR. ASSOCIATE JUSTICE BAKER delivered the opinion of the Court:

This action was instituted in the Court of Common Pleas for the County of Darlington, South Carolina.

The action is one for damages for personal injuries alleged to have been received by appellant in a collision between an automobile in which she was riding and a truck of respondent, the collision occurring on U. S. Highway No. 52 near the city limits of Florence, in Florence County, South Carolina. The respondent is a foreign corporation domesticated in this State and the complaint, among other things, alleges this fact and also alleges that respondent is doing business and has offices and agents in Darlington County, South Carolina.

In due time respondent served notice of a motion before the Honorable E. C. Dennis, resident Judge of the Fourth

Judicial Circuit, for an order transferring the case to Florence County for trial upon the ground that the proper venue of the action is Florence County, in that the respondent has no agent in Darlington County, or office in said county but has an agent residing in Florence County. Attached to the notice was an affidavit of Maitland S. Chase, Jr., a commission agent of respondent, residing at Florence, S. C. This affidavit is in part as follows: "that, as such agent, he is familiar with the method by which the defendant carries on its business in this area; that he knows of his own knowlededge that defendant does not have an office or an agent in the County of Darlington; that it does have an office and agent in the County of Florence; that in the distribution of its products Darlington County is serviced by the Florence plant, under deponent's supervision."

The matter was argued before Judge Dennis at Darlington. S. C., at which time affidavits on behalf of appellant were submitted. The motion was taken under advisement, and subsequently an additional affidavit was submitted on behalf of appellant and an additional affidavit by Maitland S. Chase, Jr., on behalf of the respondent.

Judge Dennis thereafter passed an order transferring the action to Florence County, and it is from this order that the appeal comes to this Court.

We quote from the order of the resident Judge: "It appears from the affidavits filed that the defendant is a foreign corporation, and undoubtedly has an office and an agent for transaction of corporate business in Florence County, South Carolina. It also appears that it is engaged in business in Darlington County in the sale and distribution of its products, and that it owns real estate therein, but its business in Darlington County is serviced through the Florence, S. C., branch. The tank truck used in the distribution of Sinclair products is the property of M. S. Chase, Jr., a commission agent of the defendant, and his employee distributes the products under his sole direction and supervision. I do not

think that the showing made warrants the conclusion that the commission agent's employee is an agent of the defendant in the sense of the statute, * * *."

It is admitted that the respondent owns and pays on both real and personal property within Darlington County, and that its products are sold in said county. The sole issue is whether respondent has an agent or maintains an office in Darlington County.

Briefly stating the relevant portions of the affidavits before the Court, they show: M. S. Chase, Jr., residing in Florence County is the commission agent of respondent, and his territory embraces Darlington County. Respondent's products are sold and delivered in Darlington County by John W. Harrington, who resides in the City of Darlington. Harrington is an employee of Chase, acts solely under the individual direction of Chase, is paid by Chase, and the tank truck which he uses in the delivery of respondent's products is the property of Chase. Chase is responsible for all sales made by Harrington; and Chase is accountable for all sales, except such as are made to such persons and corporations as have a direct line of credit with respondent. The gasoline and other products of respondent come from the bulk plant operated by Chase, the agent of respondent, Florence, S. C.

It is the contention of appellant that since Harrington delivers respondent's products to persons and corporations who have a direct line of credit with respondent, he thereby becomes its agent. Such contention is without merit. Harrington delivers these products as the agent of Chase, and the only difference between deliveries to other customers and customers who have a direct line of credit with respondent is that Chase is not responsible for the collection and remittance of the purchase price of sales to such "credit" customers.

In our opinion, the resident Judge was amply fortified in reaching the conclusion that the commission agent's employee was not the agent of the respondent in the sense of the statute; and such a finding of fact by the Circuit Judge will not be reversed, if there is substantial evidence sustaining such conclusion.

That Harrington was not an employee or agent of the respondent, but solely an employee of Chase, is sustained by the holding of this Court in *Googe v. Speaks et al.,* 194 S. C., 206, 9 S. E. (2d), 439.

It appears from the affidavits of Chase that his contract with respondent is very similar to the contract of Speaks with this same company. Headnote No. 4 in the *Speaks case,* which is fully warranted by the opinion, is as follows: "Master and servant. An agent of an oil company who agreed to furnish necessary trucks and pay the necessary expense in draying company's products and in making sales, deliveries, and collections, and agreed to be responsible for all acts of his employees resulting in loss or damages to the company, and agreed to save the oil company harmless on account of acts of agent's employees, was an 'independent contractor' so far as his employees were concerned, so that agent's truck driver was not entitled to recover from the oil company for injuries sustained when truck overturned as result of alleged defects."

It is unnecessary that we discuss the other "Questions Involved," having reached the conclusion that the resident Judge should be sustained in his holding that John W. Harrington was not an agent of the respondent. The office in Darlington County which appellant alleges that the respondent maintains is the residence of Harrington, where he received orders for respondent's products by telephone, but if Harrington was not the agent of respondent, any "office" which he maintained was of course not an office of respondent.

Affirmed.

MR. ASSOCIATE JUSTICE FISHBURNE concurs.

MR. CHIEF JUSTICE BONHAM did not participate.

MR. ASSOCIATE JUSTICE STUKES (dissenting):

I am sorry that I do not agree with reasoning or result of the Circuit order which it is proposed to affirm.

It was found, upon substantial evidence that the defendant (respondent), a foreign corporation: "undoubtedly has an office and an agent for transaction of corporate business in Florence County * * *." And: "It also appears that it is engaged in business in Darlington County * * *, but its business (there) is serviced through the Florence branch." These findings of fact were not excepted to and, therefore, constitute the facts for consideration on this appeal.

It is undisputed that the employee, Harrington, by whose transactions the Darlington business was done lived there. So, I think, defendant may be sued in the Courts of Darlington County. Harrington's acts were Chase's acts. *Qui facit per alium facit per se.* See on this point the authorities cited below.

*Googe v. Speaks,* 194 S. C., 206, 9 S. E. (2d), 439, is I think, inapplicable because in that case it was found that Speaks was an independent contractor with respect to his employees and to that extent not an agent of the oil company, here it is unqualifiedly admitted that Chase is the agent of respondent. On that subject, not now under review, light is found in the opinion of the present Chief Justice in the case of *Tate v. Claussen-Lawrence Co. et al.,* 168 S. C., 481, 167 S. E., 826.

The latter decision was cited with approval by the United States Circuit Court of Appeals for this, the Fourth Circuit, in its opinion in *Gulf Refining Company v. Brown,* 93 F. (2d), 870, 873, 116 A. L. R., 449, along with many others to the same effect, which the Court stated are "the decided weight of authority." The report of the case in A. L. R., is

followed by an annotation beginning at page 457 in which numerous other similar cases are stated and reviewed.

I think the order appealed from should be reversed.

CIRCUIT JUDGE PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE, concurs.