15615

McDANIEL v. GULF OIL CORPORATION

(28 S. E. (2d), 815)

April, 1943.

*Mr. Rayon Schwartz,* of Sumter, S. C., Counsel for Appellant,

*Mr. L. D. Jennings,* of Sumter, S. C., Counsel for Respondent,

Counsel for Appellant, in Reply,

January 21, 1944.

MR. ASSOCIATE JUSTICE BAKER delivered the Opinion of the Court, with MR. ASSOCIATE JUSTICE STUKES filing a Dissenting Opinion. The Majority Opinion follows:

I concur in so much of the opinion of Mr. Justice Stukes as holds that the appellant, Gulf Oil Corporation, is engaged in business in Sumter County, South Carolina, and that A. T. Heath, the distributor of appellant's products, is its agent upon whom process may be served.

But the summons in this action was not served upon A. T. Heath. It was served by the delivery of a copy thereof to H. Q. Heath, an employee of A. T. Heath, and responsible solely to A. T. Heath for his acts. It matters not that H. Q. Heath was employed at the bulk plant of the appellant, and was there served. He is neither the agent nor an employee of the appellant. Section 434, Code of Civil Procedure, 1942; *Googe v. Speaks et al.,* 194 S. C., 206, 9 S. E. (2d), 439; *Coker v. Sinclair Refining Co.,* 203 S. C., 13, 25 S. E. (2d), 894.

It is my opinion that the service of the process should be set aside and the order of the Circuit Court reversed, but

only for the reason that it was not served upon an agent, of the appellant.

MR. ASSOCIATE JUSTICE FISHBURNE and CIRCUIT JUDGES WM. H. GRIMBALL and L. D. LIDE, ACTING ASSOCIATE JUSTICES, concur.

MR. ASSOCIATE JUSTICE STUKES (dissenting) :

Plaintiff, who is the respondent here, began his action in the Court of Common Pleas for Sumter County for damages for alleged false arrest against Gulf Refining Company by service of summons and complaint upon H. Q. Heath on March 1, 1943. On March 19th thereafter Gulf Oil Corporation entered a special appearance and filed an affidavit dated March 12th, by G. E. Millican, Assistant Division Manager of the Atlanta Division of Gulf Oil Corporation, wherein it was recited that the latter was the successor of Gulf Refining Company and the grantee of all of its property. Other important contents of this affidavit will be later stated. On the day of the service of the papers constituting this special appearance plaintiff served an amended, unverified complaint in which Gulf Oil Corporation was named as defendant.

In the amended complaint it was alleged that defendant is a Pennsylvania corporation engaged in the sale of gasoline, oil and other merchandise in Sumter County, South Carolina, with offices, officers and agents, tanks and other equipment used in the business, located in said county; that it advertised its business under the name of Gulf Refining Company and its place of business was so listed in the Sumter telephone directory, but that plaintiff is informed and believes that Gulf Oil Corporation has purchased the property, including that in operation in Sumter County; and that Messrs. H. Q. Heath and Dave Cuttino were employed by defendant and carried on its business at its oil and gasoline plant in the city and county of Sumter.

Upon the service of the amended pleadings the substituted defendant moved for an order setting aside the service of

process upon the ground that the defendant is not doing business in Sumter County, is not domesticated there and has no agent or employee and does not maintain an office there, and by its notice to plaintiff informed him that "for the purpose of this motion the defendant will use the summons and complaint and amended complaint and the affidavits attached (to the notice)."

The latter were affidavits by A. T. Heath to the effect that he is "the exclusive distributor for Gulf Oil Products," that is products manufactured and sold by the Gulf Oil Corporation; that he is not "agent, servant, employee or representative of the Gulf Oil Corporation, but that he has a contract with the same, which was formerly the Gulf Refining Company, to exclusively sell its products in Sumter County;" that he pays all taxes upon the business and "furnishes his own equipment, drays, trucks, tank wagons, etc., and employs and discharges his servants, agents and employees at his own will, without the sanction, approval or knowledge of the Gulf Oil Corporation;" with other allegations to the same effect and that neither he nor any one of his employees is the agent, servant or employee of the defendant; that the distribution equipment bears his name, "A. T. Heath, Distributor of Gulf Oil Products;" that the bank account is in the name of A. T. Heath, Distributor, and only he, or some person designated by him, can sign checks thereon, in which account defendant has no interest; and that deponent has never held himself out to be the agent of the defendant but for ten years or more "has always advertised himself independently as distributor of Gulf Oil Products."

Affidavits adopting the allegations of that just stated were also made by H. Q. Heath and D. W. Cuttino, Jr., the former alleging that he is employed by his father, A. T. Heath, "who is sole distributor for Gulf Oil Products in Sumter County, South Carolina," and manages the business; and the latter was to the same effect and that he (Cuttino) is

clerk and bookkeeper employed by A. T. Heath, who he also knows is not the agent of defendant, and that this deponent (D. W. Cuttino, Jr.,) has authority to sign checks upon the bank account vested in him by his employer, A. T. Heath, and that defendant has no interest in the funds or account and has never attempted to exercise such.

Mr. Millican made another affidavit, this dated April 12, 1943, in which he again states his capacity to be Assistant Division Manager of the Atlanta Division of Gulf Oil Corporation, and to the effect that the other affiants are not agents or employees of the corporation and expressly that A. T. Heath is not such an agent; and that defendant does not have or maintain an agent or office in Sumter County, "but does own property and maintains certain contractual relationships with some of the residents of Sumter County, South Carolina."

The Sheriff of Sumter County made a sworn return of service of the amended summons and complaint, that he served them upon the defendants as follows: "By delivery to H. Q. Heath personally and leaving with him copies of the same at the place of business of the Gulf Oil Corporation. He was then working there on the 19th day of March, A. D., 1913, and that he knows the person so served to be the one mentioned and described in the amended summons and complaint as the Gulf Oil Corporation."

At the hearing before the Circuit Judge of the defendant's special appearance, plaintiff offered in reply the affidavit of Mr. Millican made upon the company's special appearance when suit was attempted against Gulf Refining Company, in which it was alleged that affiant is assistant division manager of defendant, as aforementioned, which is a Pennsylvania corporation with its principal place of business in Pittsburgh, with a division office in Atlanta of which affiant is assistant manager, "and in such capacity has supervision of sales and the affairs of the Gulf Oil

Corporation in the States of North and South Carolina, including the County of Sumter, State of South Carolina, and

"2. That said Gulf Oil Corporation is lawfully authorized to do business in the State of South Carolina, including the County of Sumter, and in consequence owns and controls certain properties, and maintains contractual relationships in said state and county for the purpose of distributing and marketing its products."

Upon the record just summarized the court held that the service of the summons and complaint upon H. Q. Heath, working "at the plant of the Gulf Oil Corporation" was "good service", and by formal order refused the motion to set it aside. Defendant has appealed, imputing error in the refusal of the court to quash the service and asserting that the finding implicit in the conclusion was wholly unsupported by evidence.

The problem thus presented usually arises upon the presentation of more affidavits and, almost always, the contract between the corporation and the alleged agent or "distributor." But in this case the contract was not before the court and the affidavits were furnished by the defendant corporation. Nevertheless, under the rule established by our decisions we think the order appealed from must be affirmed. There was evidence to support it, which is the test.

The subject was well and fully covered in two recent decisions of this court, *Jones v. General Motors Corporation,* 197 S. C., 129, 14 S. E. (2d), 628, and *Thompson v. Ford Motor Co.,* 200 S. C., 393, 21 S. E. (2d), 34, 39. The opinions in those appeals are full of applicable authorities pertinent to the present and need not now so soon be cited again.

Slight paraphrasing and substituting Millican's first affidavit for the "dealer" contract in *Thompson v. Ford Motor Company* would make the words of the late lamented Chief Justice of this court in the opinion in that case quite applicable: "Although the appellant's affidavit was out-

numbered by three detailed affidavits by which the respondent sought to deny that it was amenable to process in this action, the respondent's own contract, which was intended to be performed in South Carolina, and which the respondent itself offered in evidence, and whose provisions were obviously prepared by it, all of which should be kept in mind when its legal effect is construed, speaks even more eloquently than all the other affidavits combined, athough the three affidavits of the respondent loudly proclaim that there was not, and could not have been, any service on it in this case."

It is reasonably inferable, at least, from the quoted language of defendant's assistant division manager, in charge of sales in this territory, in his affidavit made at the first pendency of this case, *supra,* that defendant is doing business in this State. He avers that the corporation is lawfully so authorized and in consequence owns and controls properties and has contractual relationships in Sumter County for the purpose of marketing its products. It might as well be said in candor, in the absence of further explanation (and there was none by the corporation), that the corporation was engaged in business in Sumter County.

The allied question, whether H. Q. Heath was a proper person for the Sheriff to serve, though not clearly stated by appellant as a question involved in the appeal, is raised by the exception, liberally construed, and has been considered.

The complaint alleges that this Heath was in defendant's employ at its Sumter plant and was its agent and representative, and procured the issuance (in behalf of the defendant) of the arrest warrant which gave rise to the litigation. But appellant contends that the complaint was not verified, hence not entitled to consideration. However, appellant made its special appearance in part upon the complaint and based its motion to quash the service upon papers including it, as has been noted.

In our view, this contention may properly be passed over without decision because of the contents of the affidavit made by Mr. H. Q. Heath for the purpose of the hearing. He plainly said that he "has the management of this business for his father (A. T. Heath) who is sole distributor for Gulf Oil Products in Sumter County," and who, he further avers, is not the agent of Gulf Oil Corporation but "merely sells the said corporation's products in this county."

That the person served with process was the manager of the business is thus affirmatively shown by appellant, itself, and the propriety of the service in this respect can hardly be challenged. And this result is reached without reference to the contents of the sheriff's return of service, to which appellant strenuously objects, citing on this point *Douglas v. Frigidaire Sales Corporation,* 173 S. C., 66, 174 S. E., 906.

The exception should be overruled and the order of the Circuit Court affirmed.

Mr. Chief Justice Baker, Mr. Associate Justice Fishburne, and Circuit Judges Wm. H. Grimball and L. D. Lide, Acting Associate Justices, concur in part and dissent in part.