17264

W. M. BARGESSER, Respondent, v. THE COLEMAN COMPANY, Appellant

(96 S. E. (2d) 825)

*Messrs. Willcox, Hardee, Houck & Palmer* and *W. Laurier O'Farrell,* of Florence, *for Appellant,* 

*Messrs. Arrowsmith & Palles* and *Philip H. Arrowsmith,* of Florence, *for Respondent,* 

February 26, 1957.

Moss, Justice.

This action is one by W. M. Bargesser, the respondent herein, against Fred Ducker, trading as Ducker Refrigeration Company, a dealer in heating equipment, and The Coleman Company, the manufacturer of such heating equipment. The Summons was served upon Fred Ducker only. The respondent asserts that Fred Ducker was the franchise agent of The Coleman Company and that he is engaged in the business of selling and installing furnaces and heating units manufactured by the appellant, The Coleman Company, and that such appellant warranted its product through said franchise agent.

The Coleman Company, appearing specially for the purpose of objecting to the jurisdiction of the Court, made a motion before the lower Court for an order dismissing the action insofar as it is concerned, on the grounds that it is a foreign corporation, is not doing business in this State, and has no agent in this State, and hence no legal service of the Summons has been made upon it. Said motion was based upon the pleadings and the affidavit of Fred Ducker.

It appears from the affidavit of the said Fred Ducker that he is engaged in the heating, refrigeration and appliance business in the City of Florence, South Carolina, that he handles many lines of merchandise, including Coleman Heating Appliances, that he has no connection with The Coleman Company, other than he makes cash purchases of merchandise from them for resale to the public in the normal course of business, that The Coleman Company has no control over him and he has no authority to act for or on its behalf; that the said Coleman Company maintains no office within the State of South Carolina and has no agent within the State. This is the entire showing made by the appellant.

The motion came on to be heard before the Honorable R. W. Sharkey, Judge of the Civil Court of Florence. He refused to grant the motion of The Coleman Company made upon the foregoing grounds and held that these matters are "questions of fact to be determined by a jury or upon timely motions made upon the trial of these issues." This appeal questions the ruling of the Court.

This appeal raises two questions: (1) Was there error on the part of the lower Court in holding that whether or not jurisdiction of a foreign corporate defendant had been obtained is an issue to be determined by a jury? (2) Has the appellant, The Coleman Company, been properly served so as to subject it to the jurisdiction of the Civil Court of Florence?

It is provided under Section 10-423 of the 1952 Code of Laws of South Carolina, that:

"Service can be made in respect to a foreign corporation under the provisions of § 10-421 only (a) When it has property within the State, (b) when the cause of action arose therein or (c) when such service shall be made in this State personally upon the president, cashier, treasurer, attorney, secretary or any other agent thereof."

In the case of *State v. W. T. Rawleigh Co.*, 172 S. C. 415, 174 S. E. 385, this Court adopted the Order of Circuit Judge Oxner (now an able Justice of this Court) wherein it was held that in order to obtain jurisdiction of a foreign corporation so as to render a judgment in personam against it, at least two things must occur; first, the corporation must be doing business in this State and, second, that there must be service of process upon a duly authorized officer or agent of the corporation within the State, under the Statutes authorizing and providing for such service.

The respondent in this action asserts, and the lower Court so held, that these are questions of fact to be determined by a jury. We have read every reported case wherein a motion was made to vacate and set aside the attempted service of a summons and complaint upon an agent of a foreign corporation, and we have found no case holding that it is a question of fact for the jury to determine whether the court has jurisdiction of such foreign corporate defendant. In every case that we have read, this question was determined by the Circuit Judge. In 53 Am. Jur., Trial, paragraph 157, at page 143, we find the following:

"Preliminary questions of fact, the constitutionality of statutes, questions falling properly within the province of judicial notice, and disputed facts on motions, are for the Court."

The primary purpose of a motion of a foreign corporate defendant to dismiss the service of a summons and complaint upon its supposed agent is to question the jurisdiction of the Court, because the corporation is not doing business in this State nor has it an agent upon whom service can be made. It is not for a jury to say whether the

Court has jurisdiction, but this should be decided by the trial Judge. The motion to dismiss is grounded solely upon the alleged fact that the Court does not have jurisdiction of the defendant. Matters of fact alleged in a motion to dismiss, if controverted, must be determined by the Court.

In the case of *Bass v. American Prod. Exp. & Imp. Corp.*, 124 S. C. 346, 117 S. E. 594, 596, 30 A. L. R. 168, there was an appeal from the Order of the Circuit Judge refusing to set aside the service of the summons and complaint. The plaintiff was a resident of Dillon County and the defendant was a domestic corporation of Columbia, South Carolina. The process was served on one Cottingham in the Town of Dillon, upon the theory that he was an agent of the defendant. The defendant denied that Cottingham was such an agent upon whom service of process would suffice to give jurisdiction of the defendant's person, and the validity of the service is challenged on that ground. The evidence, in the form of Affidavits, was submitted to the Honorable Edward McIver, Circuit Judge, who after consideration of the evidence so submitted, refused to set aside the service of the summons. The defendant appealed. This Court, in affirming the decision of the Circuit Judge on the issue made, had this to say:

"The law commits the determination of the issue here made to the circuit judge, and, whether his conclusion was correct or not, we may not properly hold that his finding was wholly without evidence to support it."

See also in this connection the cases of *Gossett v. Belton Power Co.*, 163 S. C. 33, 161 S. E. 174; *Harrell v. Sears, Roebuck & Co.*, 178 S. C. 482, 183 S. E. 303; *Singletary v. Humphrey-Coker Seed Co.*, 145 S. C. 539, 143 S. E. 269.

We conclude that it was error for the County Judge to hold that it was a question of fact for a jury as to whether the appellant is doing business in or has an agent in this State upon whom service of a summons and complaint can be made. It was a question of law which he

should have determined, which includes the finding of the facts which relate to jurisdiction.

The second question for determination is whether or not The Coleman Company has been properly served so as to subject it to the jurisdiction of the Civil Court of Florence.

In the case of *Industrial Equip. Co. v. Frank G. Hough Co.,* 218 S. C. 169, 61 S. E. (2d) 884, 885, this Court said:

"The question of jurisdiction has often confounded the wisest of courts and for that reason this Court has adhered to the rule that a finding by the Circuit Court as to jurisdiction or lack of jurisdiction will not be disturbed on appeal unless wholly unsupported by the evidence or manifestly influenced or controlled by error of law."

We recur again to the testimony to determine whether there is any evidence in the record that will support a finding that the appellant was doing business in South Carolina and had an agent upon whom service of the summons and complaint could be made. The affidavit of Fred Ducker shows that he handled many lines of merchandise, including Coleman Heating Appliances, but that he has no connection whatever with the Company, other than he makes cash purchases of merchandise from them for resale to the public in the normal course of business. He further avers that the appellant has no control over him and he has no authority to act for or on its behalf, that it has neither an office nor agent within the State. The respondent has not contradicted in any manner the averments of this affidavit. There was no evidence produced before the Court, by the respondent, to contradict the facts set out in the affidavit of Fred Ducker. There was no evidence whatsoever that the appellant was doing business or had an agent in this State. The only possible conclusion that could have been reached from the showing made on the motion was that Coleman Company was not properly served so as to subject it to the jurisdiction of the Civil Court of Florence. A similar situation arose in the case of *Douglas v. Frigidaire Sales*

*Corp.,* 173 S. C. 66, 174 S. E. 906. This case also arose in the Civil Court of Florence and before the Honorable R. W. Sharkey, the Judge thereof. This court held that the County Judge was in error in finding that the Frigidaire Sales Corp. was doing business and had an agent in the City of Florence. The facts here are comparable to that case. We think the trial Judge should have held that Coleman Company was not amenable to process served on Fred Ducker, who was not an agent or representative of the appellant.

The Order of the lower Court is reversed.

STUKES, C. J., TAYLOR and OXNER, JJ., and G. DUNCAN BELLINGER, Acting Associate Justice, concur.